Gordon L. ROARK, Jr., Appellant,

v.

STALLWORTH OIL & GAS, INC., Melissa Swinton Melville, Administratrix with Will Annexed of the Estate of Robert B. Stallworth, Jr.; and Fossil Fuels, Inc., Appellees.

No. 2-89-142-CV.

Court of Appeals of Texas, Fort Worth.

Decided July 25, 1990.

Rehearing Overruled Aug. 29, 1990.

John P. Ritchie, Ritchie & Ray, Mineral Wells, Carl Barnhart, Weatherford, for appellant.

Talmage Boston, Payne & Vendig, Dallas, for appellees.

Before WEAVER, C.J., and HILL and FARRIS, JJ.

OPINION

FARRIS, Justice.

Gordon L. Roark, Jr., plaintiff in the trial court, appeals a summary judgment in favor of appellees complaining that: (1) the granting of summary judgment because of a want of consideration was improper when that defense was not affirmatively pled; (2) there was summary judgment proof of consideration; (3) summary judgment was improper because there remained disputed material fact issues; and (4) the trial court abused its discretion in granting summary judgment without first giving consideration to Roark's motion that certain requested admissions not be deemed.

■ Roark's first and fourth points of error are overruled because in his response to appellees' motion for summary judgment, he did not challenge the sufficiency of appellees' pleadings to raise the affirmative defense of want of consideration and he failed to urge that the motion for summary judgment was based in part upon facts improperly deemed admitted. *See City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979).

■ We overrule Roark's second and third points of error because the summary judgment proof conclusively establishes there was no consideration for the doc-

ument which Roark alleges to be a contract and the basis of his cause of action.

Roark's suit against appellees was based upon a letter on the letterhead of appellees, Stallworth Oil & Gas, Inc., addressed to Roark and signed by Robert B. Stallworth, Jr. Robert B. Stallworth, Jr. had originally been named as a defendant but had died before trial. The Stallworth letter expresses it was the intent of Stallworth:

> [F]or and in consideration of your originating my interest in, and subsequent activity in, the Bird–Baker Prospect ... Parker County, Texas, for the exploration and production of oil, gas and other minerals, I hereby grant unto you, your heirs and assigns, administrators and/or executors, an undivided five per cent (5%) interest in whatever interest I acquire out of production or any other activity in the Bird–Baker Prospect and within a twenty (20) mile radius of the Bird–Baker Prospect....

Attached to the letter was a map of a part of Parker County with certain areas shaded for identification. Roark contends that because the letter expresses it is in consideration of his services, the letter is an enforceable contract entitling him to an interest in certain oil properties. Appellees contend that admissions deemed against Roark conclusively establish that the conveyance expressed in the letter was not supported by consideration and is not enforceable as a contract. The admissions which were deemed against Roark established that prior to the letter, Roark was employed by appellees as a landman, receiving $150 per day plus expenses. The nature and extent of the services Roark provided appellees did not substantially change after the letter and any consideration which Roark had received from Stallworth or thought himself entitled to receive from Stallworth under the letter was gratuitous. Roark did nothing in addition to his earlier determined responsibilities as appellees' landman to earn any additional consideration and the letter did not induce him to perform any additional work for appellees. We agree with appellees and hold these admissions conclusively establish that the letter was without considera-

tion and not enforceable by Roark against appellees as a contract.

The judgment of the trial court is affirmed.

WEAVER, C.J., dissents (without written opinion).