**Gordon L. ROARK, Jr., Petitioner,**

v.

**STALLWORTH OIL AND GAS, INC., Melissa Swinton Melville, Administrator with Will Annexed of Robert B. Stallworth, Jr. and Fossil Fuels, Inc., Respondents.**

No. D–0333.

Supreme Court of Texas.

June 19, 1991.

Rehearing Overruled Sept. 11, 1991.

William V. Dunnam, Jr., Waco, John P. Ritchie, Mineral Wells, Carl Barnhart, Fort Worth, for petitioner.

Talmage Boston, Dallas, for respondents.

## OPINION

CORNYN, Justice.

Gordon Roark brought this action for specific performance of an alleged contract among Robert B. Stallworth, Jr.,[1] Stallworth Oil & Gas, Inc. (Respondents), and himself. The trial court rendered summary judgment for Respondents on the ground that they had conclusively established that there was no consideration for the alleged contract. The court of appeals affirmed the trial court's judgment. 811 S.W.2d 630. We reverse the judgment of the court of appeals and remand this cause to the trial court for a trial on the merits.

The alleged contract consists of a letter agreement written on Stallworth Oil & Gas, Inc. stationery dated May 14, 1979. It provides:

> It is my intention that for and in consideration of your originating my interest in, and subsequent activity in, the Bird–Baker Prospect (Reference "A" attached), Parker County, Texas, for the exploration and production of oil, gas, and other minerals, I hereby grant unto you, your heirs and assigns, administrators and/or executors, an undivided five per cent (5%) interest in whatever interest I acquire out of production or any other activity in the Bird–Baker Prospect and within a twenty (20) mile radius of the Bird–Baker Prospect (Reference "A" attached).
>
> I also agree to compensate you at the rate of One Hundred Fifty and No/100 Dollars ($150.00) per day, plus expenses incurred, for any day work you perform for me.

The letter is signed by both Robert Stallworth and Roark. Attachment "A" to the letter is a map of Parker County, shaded to indicate tracts of land belonging to E.L. Baker, Ben Bird, H.W. Kuteman, and Hendrick. Before and after the execution of this letter, Roark performed landman services on an at-will basis for Stallworth Oil & Gas, Inc. Roark claims that, although he originated Respondents' interest in the oil and gas leases indicated in the letter agreement, they have refused to convey to him the five percent interest to which the parties agreed.

---

1. Before appeal, Robert B. Stallworth, Jr. died. The trial court ordered that Roark's cause of action should proceed against the administratrix of his estate, Melissa Swinton Melville. Also, in his third amended original petition, Roark added Fossil Fuels, Inc. as a defendant. Roark alleges that Robert B. Stallworth, Jr., created Fossil Fuels, Inc. for the express purpose of avoiding the terms of alleged contract with Roark, and that Fossil Fuels, Inc. is the alter ego of Robert B. Stallworth, Jr.

The trial court granted Respondents' motion for summary judgment on the basis that the affirmative defense of no consideration bars Roark's cause of action. The limited summary judgment evidence offered to establish that Roark gave no consideration for Respondents' promise of the five percent interest consisted of the letter agreement itself and five deemed admissions. The trial court determined the following matters to have been admitted by Roark because of a failure to answer timely Respondents' request for admissions:

1. Prior to May 14, 1979, Roark's agreement with Stallworth was that, in consideration for Roark's services as a landman, Stallworth agreed to pay Roark $150.00 per day plus expenses.

2. Any and all consideration which Roark has received from Stallworth or Roark thinks he is entitled to receive from Stallworth under the May 14, 1979 Agreement was and is gratuitous.

3. During the time that Roark worked for Stallworth, the type of work which Roark performed for Stallworth, and the hours worked for Stallworth were substantially the same before and after May 14, 1979.

4. Roark did nothing different from or in addition to his pre-May 14, 1979 responsibilities as Stallworth's landman to earn any additional consideration after May 14, 1979, than he had earned prior to May 14, 1979.

5. Roark was not induced by Stallworth to perform any additional work after May 14, 1979 for Stallworth in reliance on any consideration received from Stallworth or to be received from Stallworth because of the May 14, 1979 Agreement.

Respondents assert that these deemed admissions conclusively negate the existence of consideration necessary to support the letter agreement.

Roark's written response to Respondents' motion denied that the deemed admissions conclusively established a lack of consideration. Although Respondents had not pleaded the affirmative defense of no consideration as required by Texas Rule of Civil Procedure 94, Roark did not raise any objections on this ground.

After considering Respondents' motion, Roark's response, and argument of counsel, the trial court rendered summary judgment for Respondents. Roark then filed a motion for new trial, wherein he asserted for the first time that Respondents failed to plead the affirmative defense of no consideration. The trial court overruled Roark's motion.

The court of appeals affirmed the trial court's judgment, holding that Roark waived any complaint attacking the lack of proper pleading because he failed to raise the issue in his written response to Respondents' motion for summary judgment. We will first address whether, under these facts, the failure to plead an affirmative defense necessitates reversal of the court of appeals' judgment, and if not, whether Respondents have discharged their burden to conclusively prove that there was no consideration for the agreement.

A party relying on an affirmative defense must specifically plead the defense and, when the defense is based on a claim enumerated in rule 93, must verify the pleading by affidavit. Tex.R.Civ.P. 93, 94. A properly pleaded affirmative defense, supported by uncontroverted summary judgment evidence, may serve as the basis for a summary judgment. *See, e.g., Nichols v. Smith,* 507 S.W.2d 518 (Tex.1974) (affirming summary judgment rendered for defendants based on affirmative defense of limitations). We hold today that an unpleaded affirmative defense may also serve as the basis for a summary judgment when it is raised in the summary judgment motion, and the opposing party does not object to the lack of a rule 94 pleading in either its written response or before the rendition of judgment.[2]

---

2. Roark argues that our previous holding in *DeBord v. Muller* is contrary to our holding today. 446 S.W.2d 299 (Tex.1969). We disagree. In *DeBord,* we reversed a summary judgment for the plaintiff and held that the trial court should have considered defendant's cross-motion for summary judgment and its supporting evidence establishing the affirmative de-

Under rule 166a(c) of our Rules of Civil Procedure, issues that are not expressly presented to the trial court by written motion, answer or response will not serve as grounds for reversal of a summary judgment on appeal. The failure to plead an affirmative defense under rule 94 is an issue that must be raised in the trial court, or it may not be urged on appeal. *Cf. City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979) (summary judgment non-movant could not raise, for first time on appeal, additional fact issue that was not raised in its response).

Moreover, under our rules, unpleaded claims or defenses that are tried by express or implied consent of the parties are treated as if they had been raised by the pleadings. *See, e.g., Bednarz v. State*, 142 Tex. 138, 176 S.W.2d 562, 563 (1944); *Watts v. St. Mary's Hall, Inc.*, 662 S.W.2d 55, 58 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.); Tex.R.Civ.P. 67, 90, 274. The party who allows an issue to be tried by consent and who fails to raise the lack of a pleading before submission of the case cannot later raise the pleading deficiency for the first time on appeal. *See Harrington v. Aetna Casualty & Sur. Co.*, 489 S.W.2d 171, 178 (Tex.Civ.App.—Waco 1972, writ ref'd n.r.e.); *Pleasant Grove Builders, Inc. v. Phillips*, 355 S.W.2d 818, 822 (Tex.Civ. App.—Dallas 1962, writ ref'd n.r.e.); Tex. R.Civ.P. 67, 90, 274. There is no valid reason why these rules should not apply to issues raised in the motion for summary judgment. If the non-movant does not object to a variance between the motion for summary judgment and the movant's pleadings, it would advance no compelling interest of the parties or of our legal system to reverse a summary judgment simply because of a pleading defect.

■ In this case, Respondents moved for summary judgment based on the affirmative defense of no consideration. Although Respondents did not plead the affirmative defense upon which their motion for summary judgment relies, they did expressly rely on this affirmative defense in their motion for summary judgment. Because Roark failed to direct the trial court's attention to the absence of the pleading in his written response or before the court rendered judgment, this complaint may not be raised on appeal.

■ Respondents, however, must still demonstrate that they conclusively proved all essential elements of their affirmative defense as a matter of law. *See Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984). In reviewing Respondents' summary judgment proof, every reasonable inference must be indulged in favor of Roark, the non-movant, and any doubts resolved in his favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). To be entitled to summary judgment based on the affirmative defense of no consideration, Respondents had the burden of conclusively negating at least one of the elements of consideration as a matter of law.

fense of res judicata. *Id.* at 301. Because defendant's summary judgment evidence rendered plaintiff's motion insupportable, we stated that the trial court should have denied plaintiff's motion regardless of the fact that defendant's answer failed to raise the affirmative defense. *Id.* However, we refused to grant defendant's motion and *render* summary judgment for him because he had not pleaded the defense in accordance with rule 94, and therefore, we remanded the case back to the trial court. *Id.* We did not specifically address, nor did we hold, that an unpleaded affirmative defense could never serve as the basis for a trial court's summary judgment when the movant has raised the defense in its motion, and the opposing party fails to object. Stated simply, facts like we have in this case were not before this court in *DeBord.*

Moreover, to the extent that courts of appeals' opinions have read *DeBord* to conflict with our holding, they are disapproved. *See W.R. Grace Co. v. Scotch Corp.*, 753 S.W.2d 743 (Tex.App.— Austin 1988, writ denied); *Boles v. Texas Nat'l Bank*, 750 S.W.2d 879 (Tex.App.—Waco 1988, no writ); *Little v. Bryce*, 733 S.W.2d 937 (Tex. App.—Houston [1st Dist.] 1987, no writ); *Johnson v. J.M. Huber Corp.*, 699 S.W.2d 879 (Tex. App.—Amarillo 1985, writ ref'd n.r.e.); *Houchins v. Scheltz*, 590 S.W.2d 745 (Tex.Civ.App.— Houston [14th Dist.] 1979, no writ); *Fort Bend Indep. School Dist. v. Weiss*, 570 S.W.2d 241 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ); *United Parcel Serv. v. Helen of Troy Corp.*, 536 S.W.2d 415 (Tex.Civ.App.—El Paso 1976, no writ).

Consideration is a present exchange bargained for in return for a promise. *Connell v. Provident Life & Accident Ins. Co.*, 148 Tex. 311, 314–15, 224 S.W.2d 194, 196 (1949). · It consists of either a benefit to the promisor or a detriment to the promisee. *See, e.g., Tripp Village Joint Venture v. MBank Lincoln Centre*, 774 S.W.2d 746, 749 (Tex.App.—Dallas 1989, writ denied). The detriment must induce the making of the promise, and the promise must induce the incurring of the detriment. *See Broadnax v. Ledbetter*, 100 Tex. 375, 378, 99 S.W. 1111, 1112 (1907).

Respondents assert that their summary judgment proof conclusively establishes that the agreement in issue was not supported by consideration for two reasons. First, they contend that deemed admission number two establishes that Respondents' promise to Roark in the letter agreement was a mere promise of a gift, which is diametrically opposed to the theory of consideration. Respondents assert that, by admitting *their* promise was gratuitous, Roark has admitted that *he* gave no consideration for the alleged contract; in other words, Roark has not incurred a legal detriment. However, this deemed admission addresses itself only to any consideration that Respondents gave, not any consideration that Roark gave. Because the incurring of a legal detriment is sufficient consideration to support a promise, and because deemed admission number two does not negate the existence of legal detriment incurred by Roark, this admission does not conclusively prove that there was no consideration for Respondents' promise.

Respondents next contend that the deemed admissions conclusively establish the promise contained in the letter agreement was in payment for past services, which may not legally constitute present consideration. They argue that deemed admissions numbers one, three, and four establish that Roark's origination of Respondents' interest and subsequent leasing activity occurred before May 14, 1979.

We hold that these admissions do not conclusively establish that past considera-

tion was given in exchange for Respondents' promise. They do not establish, as a matter of law, the circumstances that gave rise to the letter agreement or the timing of Roark's origination of Respondents' interest in the Bird–Baker Prospect. Nor do they address essential facts relating to whether, on May 14, 1979, there was a present exchange of Roark's services for Respondents' promise to compensate Roark with the "undivided five per cent (5%) interest in whatever I acquire out of production or any other activity in the Bird–Baker Prospect...." In other words, these admissions do not address themselves to whether Roark gave present or past consideration for the agreement. Thus, a question of fact remains on that issue.

Moreover, the letter agreement itself is, at best, ambiguous as to whether there was a bargained-for-exchange for Respondents' promise, resulting in a detriment to Roark. One reasonable construction of the letter agreement would be that Roark's services had already been performed. On the other hand, other parts of the writing can reasonably be interpreted to support the contention that Respondents gave a present exchange of the five percent interest for services to be provided in the future. When a writing is ambiguous, as is this one, and is subject to more than one construction, we must indulge in the construction that favors the non-movant. *Cf. Reilly v. Rangers Management, Inc.*, 727 S.W.2d 527, 529 (Tex.1987) ("When a contract contains an ambiguity, the granting of a motion for summary judgment is improper because the interpretation of the instrument is a question of fact for the jury.").

Because Respondents' summary judgment proof fails to conclusively prove that no consideration supports the alleged contract between Respondents and Roark, we reverse the judgment of the court of appeals and remand this cause to the trial court for a trial on the merits.

Dissenting opinion by GONZALEZ, J.

GONZALEZ, Justice, dissenting.

I dissent from that part of the majority's opinion which holds that Respondents' deemed admissions do not conclusively establish their affirmative defense of no consideration. I believe the court of appeals was correct in affirming the summary judgment for Respondents based on these admissions.

According to Rule 169, "a matter is admitted without necessity of a court order unless, within thirty days after the request ... the party to whom the request is directed serves upon the party requesting the admission a written answer or objection ..." TEX.R.CIV.P. 169(1). When Roark failed to respond to Respondents' request for admissions they were deemed admitted. The effect of admissions is that "any matter admitted under this rule is conclusively established as to the party making the admission unless on motion the court permits withdrawal or amendment of admission." TEX.R.CIV.P. 169(2). Roark did not file a motion to extend his time to respond to the request for admissions until after the deadline had passed and the court overruled his motion. Thus the following admissions conclusively prove that:

(1) Before the May 19, 1979 letter agreement, Roark worked for Respondents, receiving $150 per day and expenses as compensation.

(2) Respondents' promise in the letter agreement was a mere gratuitous promise to grant Roark a five percent interest.

(3) After the letter agreement was created, the nature and extent of Roark's work for Respondents was substantially the same as it was before the agreement.

(4) After the creation of the letter agreement, Roark did not perform any additional duties for Respondents that would merit any additional consideration from Respondents.

(5) Respondents' promise in the letter agreement did not induce Roark to perform any additional work for Respondents.

In other words, these deemed admissions conclusively establish that Respondents' promise is a mere gratuitous promise and that Roark gave past consideration for Respondents' promise. Consequently, Roark could not controvert this evidence with his summary judgment evidence. *See, e.g., Cherry v. North Am. Lloyds,* 770 S.W.2d 4, 6 (Tex.App.—Houston [1st Dist.] 1989, writ denied) (holding that trial court could not consider affidavit which non-movant contended would controvert movant's proof consisting of admissions deemed against non-movant).

I agree with the court of appeals that "these deemed admissions conclusively establish that the letter was without consideration and not enforceable by Roark against [Respondents] as a contract," 811 S.W.2d 630, because courts do not enforce gratuitous promises, *see Fleck v. Baldwin,* 172 S.W.2d 975, 978 (Tex.1943), and because past consideration does not constitute legally sufficient consideration to support a contract. *See Mason v. Babin,* 474 S.W.2d 809, 812 (Tex.Civ.App.—Houston [1st Dist.] 1971, writ ref'd n.r.e.) (holding employees past work for employer insufficient consideration for employer's subsequent promise to pay debt); *Stone v. Morrison & Powers,* 298 S.W. 538, 539 (Tex. Comm'n App.—1927, holding approved) (past performance under construction contract not consideration for subsequent obligation).

For these reasons I dissent.