# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00182-CV

### Rhett Webster Pease, Appellant

### v.

### Balcom, Mann & Stevens; Diana Estala Stevens; and Barbara J. Lipscomb, Appellees

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
### NO. 99-10036, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING

Rhett Webster Pease appeals from the district court=s summary judgment that he take nothing on his claims for wrongful foreclosure, conversion, duress, slander, fraud, and bad faith. On appeal, he contends that the evidence does not support appellees= claims that they were assigned the note on which they foreclosed, that they had the authority and right to foreclose, and that Barbara J. Lipscomb was the trustee of record when the foreclosure occurred. Pease also argues that Lipscomb waived her affirmative defenses of res judicata and collateral estoppel by not pleading them at trial. We will affirm the judgment.

## BACKGROUND

This is one of several cases concerning ownership and possession of a house and real property in northern Travis County. Pease signed a note on the property in 1994.[1] In 1996, Pease began reducing his mortgage payments by deducting taxes and insurance payments, asserting that he paid his own taxes and did not owe the insurance payment; the mortgage company,[2] however, did not agree to these deductions and eventually refused to accept what it deemed partial payments.

The mortgage company initiated a nonjudicial foreclosure in 1997, hiring Stevens and Balcom, Mann & Stevens (Athe firm@) as counsel. Lipscomb became the substitute trustee. Pease sued the mortgage company, alleging that it was not the holder of the note. He filed for bankruptcy protection in 1997 and 1998.

The mortgage company foreclosed in 1999, purchasing the property and obtaining a declaratory judgment that it owned the property. In a forcible entry and detainer action, a court awarded the mortgage company possession of the property.

---

[1]Others on the note are Janell Pease and Jane Moon, who are not parties here.

[2]More than one mortgage company held the mortgage during its existence. Because there is no need to distinguish among the companies in this appeal, we will refer to them collectively as Athe mortgage company.@

Pease then filed three more suits. He filed this suit against the firm, Stevens, and Lipscomb, alleging wrongful foreclosure, conversion, duress, slander, fraud, and bad faith. He filed a separate action against the mortgage company, contending that the substitute trustee≈s deed was void and seeking an injunction to prevent the mortgage company from asserting ownership; the mortgage company responded by seeking an injunction against Pease from filing and maintaining suits concerning the property. Pease also filed an action in federal court against Stevens and the mortgage company, as well as judges, clerks, law-enforcement officers, and governmental bodies involved in the foreclosure; the federal district court dismissed all of Pease≈s causes of action.

In the injunction action, the state district court denied Pease≈s request and granted the mortgage company≈s request for an injunction. The injunction provides that

> Plaintiff, Rhett Webster Pease, is permanently enjoined from, and he is to cease and desist in, maintaining any existing lawsuits, *including Cause No. 99-10036*, and filing any new lawsuits, against Principal Residential Mortgage, Inc., its representatives and employees, Diana Estala Stevens, Gregory A. Balcom, June A. Mann, and Balcom, Mann & Stevens, P.C., relating in any way to the real property located at 12600 Limerick Avenue, Austin, Texas 78727 . . . .

*Pease v. Principal Mortgage, Inc.*, No. 99-11614 (261st Dist. Ct., Travis County, Tex. Jan. 31, 2000) (emphasis added).

In this action, Stevens and the firm moved for summary judgment, asserting that Pease≈s claims were barred by the anti-suit injunction, res judicata, and collateral estoppel. They also requested summary judgment based on problems with particular claims. Lipscomb adopted their motion. The district court granted the motions without specifying a basis.

## DISCUSSION

3

Pease raises five issues concerning the summary judgment. By four issues, he challenges the evidentiary support for the judgment. By the fifth, he contends that Lipscomb was not entitled to summary judgment based on unpleaded affirmative defenses.

A summary judgment is appropriate when there are no material fact issues and the movant is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c). In evaluating a motion for summary judgment, courts must take evidence favorable to the nonmovant as true, indulge every reasonable inference in favor of the nonmovant, and resolve any doubts in the nonmovant=s favor. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). When a summary judgment is granted on general grounds, we must consider on appeal whether any theory asserted by the movant will support the summary judgment. *See Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 79 (Tex. 1989). If any theory advanced is meritorious, we will affirm the summary judgment. *See id.* On appeal, the appellant must negate all grounds for the judgment. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 381 (Tex. 1993).

**Anti-suit injunction**

Appellees moved for summary judgment on grounds that the permanent anti-suit injunction entered in Travis County District Court cause number 99-11614 bars Pease from pursuing this suit. The injunction prohibits Pease from Amaintaining any existing lawsuits, including Cause No. 99-10036@ relating to the property and against various parties including Stevens and the firm. The cause number listed in the order is the district court cause number for this case. None of Pease=s appellate issues addresses the anti-suit injunction. Because Pease failed to challenge this basis of the

summary judgment, we must affirm the judgment favoring Stevens and the firm.  *See Rogers*, 772 S.W.2d at 79.

The anti-suit injunction does not prohibit Pease from suing Lipscomb.  Her adoption of the other appellees= motion for summary judgment does not extend the reach of the injunction.  Thus, we must explore whether the summary judgment favoring her is supported by the remaining bases of the motion for summary judgment.

**Affirmative defenses**

Appellees asserted the affirmative defenses of res judicata and collateral estoppel against many of Pease=s claims.  Stevens and the firm raised these in both their motion for summary judgment and in their amended answer; Lipscomb never filed an answer asserting any affirmative defenses, but did join and adopt the other appellees= motion for summary judgment in which they asserted the defenses.  *See* Tex. R. Civ. P. 58 (adoption of pleading by reference); *Chapman v. King Ranch, Inc.*, 41 S.W.3d 693, 700 (Tex. App.CCorpus Christi 2001, pet. filed) (approving adoption of other parties= summary judgment motion).

By his fifth issue, Pease asserts that Lipscomb was not entitled to summary judgment based on affirmative defenses raised by other parties because she did not plead them in her answer.  *See* Tex. R. Civ. P. 94.  Pease, however, did not file an objection or special exception to Lipscomb=s failure to plead these defenses in her answer and, accordingly, waived his right to raise that complaint on appeal.  *See* Tex. R. Civ. P. 90 (AEvery defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by exception in writing and brought to the attention of the judge in the trial court . . . before the judgment is signed, shall be deemed to have been waived

by the party seeking reversal on such account . . . .@).  A party may request and be granted summary judgment based on affirmative defenses not pleaded in an answer if the nonmovant does not object to the absence of an answer containing those affirmative defenses and if the motion is meritorious.  *See Roark v. Stallworth Oil*, 813 S.W.2d 492, 494-95 (Tex. 1991).  Lipscomb did not plead affirmative defenses in her answer, but joined in and adopted the summary judgment motion by Stevens and the firm that was based in large part on affirmative defenses.  In Pease=s answer to the motion for summary judgment, he states, AThe defendants answered asserting general denial.  Defendants have filed no amended answer alleging affirmative defenses or special exceptions.@ This is a neutral observation of fact, is neither an objection nor an exception, and does not request the district court take any action based on the observation; the grounds Pease urges to defeat the summary judgment motion do not include Lipscomb=s failure to plead affirmative defenses in her answer.  We conclude that Pease waived any pleading defect or omission in Lipscomb=s answer, and that the affirmative defenses were tried by consent based on the summary judgment motion that Lipscomb adopted.  We must therefore assess whether the record supports the summary judgment favoring Lipscomb on these bases.

The motion for summary judgment included assertions of res judicata and collateral estoppel.  Res judicata, or claim preclusion, precludes relitigation of claims that have been fully adjudicated, or arise out of the same subject matter and that could have been litigated in a prior action.  *See Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996).  It requires proof of a final judgment on the merits, a second action based on claims that were or could have been raised in the first action, and identity or privity of the parties in the two actions.  *Id.*  Defensive collateral estoppel, or issue preclusion, can prevent relitigation by a plaintiff of issues previously lost against another

defendant. *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 519 (Tex. 1998). The litigant asserting collateral estoppel must show that the facts sought to be litigated in the second action were fully and fairly litigated in the first action and that those facts were essential to the judgment in the first action. *Id.* Strict identity of parties is not required; it is only necessary that the party against whom the doctrine is asserted was a party or in privity with a party in the first action. *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 802 (Tex. 1994).

All of Pease=s claims in this suit arise from the same foreclosure that gave rise to his previous suits. Pease=s allegations of wrongful foreclosure are identical to those he made in the injunction suit, including allegations of wrongdoing by Lipscomb. He claims fraud in this suit as before, although his allegations are stated differently. Some of the fraud allegations from the 1997 suit have been restated as part of his claims for conversion, duress, and slanderCmade for the first time in this suit. Thus, Pease either brought or could have brought the claims raised in this suit in his previous suits. The district court rendered take-nothing summary judgments against these claims in both the 1997 suit and the injunction suit. Even though Lipscomb was not a defendant in the previous actions, as substitute trustee she is in privity with the mortgage company with respect to Pease=s claims that the foreclosure and related actions by her and the mortgage company harmed him; illustrating this point, Pease complained of Lipscomb=s participation in the foreclosure in the injunction suit even when he did not seek to recover from her.

Res judicata and collateral estoppel bar Pease=s claims against Lipscomb.

**CONCLUSION**

7

The record supports the district court=s summary judgment against Pease=s claims. The anti-suit injunction bars Pease from maintaining this action against Stevens and the firm. Although Lipscomb failed to plead the affirmative defenses of res judicata and collateral estoppel in her answer, Pease did not object to this failure and waived his right to complain about it on appeal. His claims against Lipscomb are barred by res judicata and collateral estoppel because they either have been brought against parties in privity with Lipscomb and defeated, or they should have been brought in his previous lawsuits.

We affirm the judgment.

David Puryear, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed: December 31, 2002

Do Not Publish

8