Reversed and Remanded and Memorandum Opinion filed October 27, 2005









Reversed and Remanded and Memorandum Opinion filed October 27, 2005.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-01006-CV

____________

 

EMILIO RODRIGUEZ, INDIVIDUALLY AND AS NEXT FRIEND
OF MINORS, ALEJANDRO RODRIGUEZ, MARIO RODRIGUEZ, AMY RODRIGUEZ, ALYSSA
RODRIGUEZ, ADAM RODRIGUEZ, AND AMADEE RODRIGUEZ, Appellants

 

V.

 

SINCLAIR
CONTRACTORS, INC., Appellee

 



 

On Appeal from the 165th
District Court

Harris County, Texas

Trial Court Cause No. 03-31984-A

 



 

M E M O R A N D U M   O P I N I O N








Emilio Rodriguez (ARodriguez@), individually
and as next friend of minors, Alejandro Rodriguez, Mario Rodriguez, Amy
Rodriguez, Alyssa Rodriguez, Adam Rodriguez, and Amadee Rodriguez, appeals from
the trial court=s grant of summary judgment favoring
Sinclair Contractor=s, Inc. (ASinclair@).  Rodriguez had been hired by a staffing
company and assigned to work at Sinclair=s facility.  He was injured while performing his job
duties and sued Sinclair for negligence. 
In granting summary judgment, the trial court held that Rodriquez=s lawsuit was
barred by the exclusive remedy provision of the Texas Workers= Compensation Act.

On appeal, Rodriguez contends that (1)
Sinclair=s motion for
summary judgment was not supported by its pleadings, (2) there is a fact issue
regarding whether Rodriguez was Sinclair=s employee, (3)
there is a fact issue regarding whether the Staff Leasing Services Act applies,
and (4) Sinclair waived application of the exclusive remedy provision.  Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion.  See Tex.
R. App. P. 47.4.  We reverse and
remand.

Discussion

The parties are familiar with the facts,
so we will not recount them in detail here. 
In his first issue, Rodriguez contends that Sinclair=s motion for
summary judgment was not supported by its pleadings.  We review a trial court=s interpretation
and application of the law under a de novo standard.  Barber v. Colorado I.S.D., 901 S.W.2d
447, 450 (Tex. 1995).  In its motion,
Sinclair argued that Rodriguez=s negligence
action was barred by the exclusive remedy provision of the Texas Workers= Compensation
Act.  Tex.
Lab. Code Ann. ' 408.001(a) (Vernon 1996).  Under this provision, Arecovery of
workers= compensation
benefits is the exclusive remedy of an employee covered by workers= compensation
insurance coverage or a legal beneficiary against the employer or an agent or
employee of the employer for the death of or a work‑related injury
sustained by the employee.@  Id. 
A defense based on this statutory provision is an affirmative
defense.  Quanaim v. Frasco Restaurant
& Catering, 17 S.W.3d 30, 43 (Tex. App.CHouston [14th
Dist.] 2000, pet. denied).  Affirmative
defenses must be specifically plead.  Roark
v. Stallworth Oil & Gas, Inc., 813 S.W.2d 492, 494 (Tex. 1991).








Sinclair acknowledges that it did not
plead the exclusive remedy provision in its answer.  However, it argues that (1) its motion for
summary judgment is a pleading that placed the defense openly in issue, and (2)
alternatively, Rodriguez waived his objection to the failure to plead.  We disagree with both assertions.

The Texas Supreme Court has expressly
rejected the idea that a motion for summary judgment constitutes a pleading or
that including an affirmative defense in such a motion is sufficient to plead
the defense.  See In re S.A.P.,
156 S.W.3d 574, 576 n.3 (Tex. 2005); Roark, 813 S.W.2d at 494-95.  Thus, Sinclair=s first argument
is without merit.

Regarding Sinclair=s second argument,
the supreme court has stated that an unpleaded affirmative defense may serve as
a basis for granting summary judgment when it is raised in the summary judgment
motion and the opposing party does not object to the lack of a proper
pleading.  Roark, 813 S.W.2d at
494-95.  Sinclair claims that Rodriguez
did not sufficiently object to the lack of a pleading.  Rodriguez=s response to the
motion for summary judgment states:  AMovant has failed
to file pleadings with this Court asserting an affirmative defense of statutory
immunity.  Therefore, Movant=s Motion for
Summary Judgment is not supported by its pleadings.@  (emphasis in original).  Clearly, Rodriguez objected to the lack of a
pleading.  Sinclair complains, however,
that (1) the objection was buried in the response, (2) it was not mentioned in
the response=s ASummary of
Plaintiff=s Position,@ and (3) it was
not raised again in Rodriguez=s subsequent
response to Sinclair=s reply to Rodriguez=s first
response.  Although the first two
complaints are accurateCthe objection was somewhat buried and the
summary did not mention itC this does not
diminish the fact that the objection clearly, directly, and unambiguously
informed the trial court and Sinclair of the substance of Rodiguez=s complaint.  See Tex.
R. App. P. 33.1(a).  With this
objection in the response, it cannot be said that the issue was tried by
consent.  See Roark, 813 S.W.2d at
494-95.  Regarding the third complaint,
it is inconsequential that the objection was not raised again in Rodriguez=s subsequent
response; there was no need to because to Sinclair=s reply, whichthe
response was in response to, because the issue was not addressed by Sinclair=s reply. didnot
address the issue For the foregoing reasons, Sinclair=s second argument
is without merit.  We sustain Rodriguez=s first
issue.  Consequently, we need not address
his three remaining issues.








We reverse the judgment of the trial court
and remand for further proceedings in accordance with this opinion.

 

 

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed October 27 , 2005.

Panel
consists of Chief Justice Hedges and Justices Yates and Anderson.