COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-05-303-CV

 

 

SALLY DOWNS                                                                   APPELLANT

 

                                                   V.

 

TRIAD‑DENTON HOSPITAL, L.P.                                               APPELLEE

D/B/A
DENTON COMMUNITY HOSPITAL

 

                                              ------------

 

            FROM
THE 362ND DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

                                        I. Introduction








This is an appeal of the
granting of a summary judgment in favor of Triad-Denton Hospital, L.P. d/b/a
Denton Community Hospital (the Hospital). 
Sally Downs sued the Hospital for injuries she sustained while working there
as a nurse.  The Hospital moved for
summary judgment, and the trial court granted the motion.  We reverse and remand.  

II.
Procedural and Factual Background 

Downs is a licensed
vocational nurse, who, at the time of the incident, was employed by Advantage
Nursing Services, Inc. (Advantage). 
Advantage contracted with the Hospital to supply nurses to the Hospital
on a temporary basis, including Downs. 
On November 18, 2001, while walking by a nursing station at the
Hospital, she slipped and fell in a puddle of water on the floor.  The Hospital maintenance staff had recently
mopped the floor but had not posted any warning signs.  Downs sustained injuries from the fall,
resulting in this lawsuit. 

As Downs=s employer, Advantage provided workers= compensation insurance for her. 
Downs made a claim for workers= compensation under Advantage=s policy and received benefits from the policy.  Downs later sued the Hospital, seeking relief
for the injuries that she sustained at the Hospital.  The Hospital moved for summary judgment,
arguing that because Downs was a borrowed servant under the Texas Workers= Compensation Act, she was barred from suing the Hospital.  The trial court granted the Hospital=s motion for summary judgment. 
This appeal followed. 

 








III.
Affirmative Defense 

Downs=s motion for summary judgment asserted the statutory exclusive remedy
provision under Texas Workers= Compensation Act section 408.001. 
See Tex. Lab. Code Ann.
' 408.001 (Vernon 2006).  In
relevant part, section 408.001 provides that A[r]ecovery of workers= compensation benefits is the exclusive remedy of an employee covered
by workers=
compensation insurance coverage.@  Id.  The exclusive remedy provision of the Texas
Workers= Compensation Act is an affirmative defense.  See Pierce v. Holiday, 155 S.W.3d
676, 678 (Tex. App.CTexarkana
2005, no pet.).  

An affirmative defense must
be specially pleaded.  Tex. R. Civ. P. 94; see Roark v.
Stallworth Oil & Gas, Inc., 813 S.W.2d 492, 494 (Tex. 1991).  However, an unpleaded affirmative defense may
serve as the basis for a summary judgment when it is raised in the summary
judgment motion, and the opposing party does not object to the lack of a rule
94 pleading in either its written response or before the rendition of
judgment.  Tex. R. Civ. P. 94; see Roark, 813 S.W.2d at 494.








In this case, the Hospital
asserted only a general denial in its answer and did not plead any affirmative
defenses.  In Downs=s response to the Hospital=s motion for summary judgment, Downs objected that the Hospital=s answer did not plead the exclusive remedy provision of the Texas
Workers= Compensation Act as an affirmative defense.[2]  Thus, the trial court could not have
correctly granted summary judgment for the Hospital on the ground of the
affirmative defense of the Texas Workers= Compensation Act=s exclusive remedy provision.  Tex. R. Civ. P. 94; see Roark, 813
S.W.2d at 494.  Accordingly, we
sustain Downs=s first
issue and hold that the trial court erred when it granted the Hospital=s motion for summary judgment.

IV.
Conclusion 

Having sustained Downs=s first issue, we reverse the summary judgment and remand this case to
the trial court for further proceedings.  


 

BOB MCCOY

JUSTICE

 

PANEL A:   LIVINGSTON, WALKER,
and MCCOY, JJ.

DELIVERED: March 30, 2006








 

 

 

 

 

 

 

 

 











[1]See Tex. R. App. P. 47.4.





[2]In
Downs=s
response to the Hospital=s
motion for summary judgment she states: 

Without ever pleading the defense or raising this theory in Defendant=s Response to Plaintiff=s Request for Disclosure . . .
Defendant now invokes the Aexclusive remedy@ provision of the Texas Workers= Compensation Act, urging this
Court to find that Plaintiff=s case is barred. 
Under this theory, Defendant has moved for summary judgment claiming
that Plaintiff is a Aborrowed servant@ of the Defendant hospital,
therefore entitling Defendant to the protection of the Labor Code.