KELLY, Circuit Judge, dissenting.
 

 I would affirm the district court because I do not think the arbitration clause creates an enforceable reciprocal agreement to arbitrate disputes. As I read the arbitration clause, only the Dicksons agree to take their disputes to arbitration. While GFA arguably agrees to be bound by arbitration if the Dicksons initiate arbitration ("the parties agreeing ..."), the use of the word "I" to begin the provision tells me that GFA has not agreed to take any dispute it might have to arbitration, but instead has reserved the option to litigate rather than arbitrate. Under Texas law, an arbitration agreement, like any other contract, "is illusory if it binds one party to arbitrate, while allowing the other to choose whether to arbitrate."
 
 Royston
 
 ,
 
 467 S.W.3d at 505
 
 (relying on
 
 Restatement (Second) of Contracts
 
 § 77 cmt. a (Am. Law Inst. 1981) );
 
 see also
 

 Huckaba v. Ref-Chem, L.P.
 
 ,
 
 892 F.3d 686
 
 , 691 n.5 (5th Cir. 2018) (noting
 
 Royston
 
 's holding that an arbitration agreement is unenforceable under Texas law "if it binds one party to arbitrate, while allowing the other to choose whether to arbitrate").
 
 [1]
 
 Other jurisdictions have concluded otherwise-i.e., that one party's agreement to be bound by the result of an arbitration proceeding is sufficient consideration-but Texas law is applicable here. Accordingly, I respectfully dissent.
 

 Nor do the underlying agreements provide consideration for the arbitration clause because there is no "bargained for exchange" in any of the agreements.
 
 See
 

 Roark v. Stallworth Oil & Gas, Inc.
 
 ,
 
 813 S.W.2d 492
 
 , 496 (Tex. 1991) (Under Texas law, "[c]onsideration is a present exchange bargained for in return for a promise" that may be either "a benefit to the promisor or a detriment to the promisee.").