# NO. 12-23-00270-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ANTHONY TORREZ,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *CHRISTINA TORREZ,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Anthony Torrez raises one issue on appeal challenging the trial court's lifetime protective order for the protection of Christina Torrez. We modify the order and affirm it as modified.

### BACKGROUND

Anthony and Christina cohabitated for a decade and married in 2019. Violence was ever present in the relationship. For years, Christina believed that Anthony would kill her someday. She once engaged in a "street fight" with him, after which he vowed to kill her before ever fighting her again. Thereafter, Anthony's usual "M.O." was to choke Christina from behind. He also dragged her by her hair and discharged a firearm in the home multiple times.

Early in the relationship, the couple regularly used methamphetamine. Anthony often hallucinated and believed that various characters were trying to have sex with Christina. On one occasion, he chained her to a heater affixed to the wall for two weeks—without food and only a bucket for toileting—so he would know her whereabouts while he investigated the yard for "tree people." On another occasion, Christina awoke with her bed on fire and pierced through by a samurai sword because Anthony believed people were under the bed.

Even after they stopped using methamphetamine, Anthony's behavior remained violent. Once, he pushed Christina through their mobile home door, causing her to fall down its concrete steps. The choking incidents and death threats continued as well. Christina believes Anthony is "mentally imbalanced." She can tell when something "goes on in his brain" because "his eyes will get real big, and he gets sweaty" and has a "blank stare." Anthony told Christina many times that she is his "property" because he has "paperwork"—meaning marriage papers—on her.

In 2022, Christina moved out of the house and into an apartment. Anthony began following her around town. In 2023, Christina served him with divorce papers. Early the next morning, she let her dog outside and was unable to get him to return. When she went out to retrieve the dog, Anthony emerged, choked her from behind, and threatened to kill her. Christina escaped the chokehold, but he grabbed her arm. She exchanged blows with Anthony, again escaped his grasp, ran to her apartment, and called the police.

Thereafter, Christina was evicted from her apartment because of the incident and moved to a rural home. Anthony continued following and intimidating her whenever she was in town. On the most recent such occasion, Christina was visiting her friend Robin when she saw Anthony drive slowly past the home. Robin said he had been driving up and down her street all day. Later that day, Christina went to the Dollar Tree. When she exited the store, she saw Anthony's car and then saw him exit the store. Christina videotaped Anthony as he walked to his car, entered it, and stared at her for approximately two minutes.

Christina filed an application for protective order alleging that Anthony "committed family violence and is likely to commit family violence in the future." At a hearing on the matter, in addition to the facts recited above, Christina testified that she felt stalked, intimidated, harassed, and terrorized by Anthony. She was tearful while testifying because she felt helpless and terrified that the next corner she turned would be her last. Christina asked the court for a lifetime protective order. Based on the evidence, the trial court found "that there has been family violence in the past including stalking and that there's a likelihood of that continuing into the future" and granted a lifetime protective order. This appeal followed.

## LIFETIME PROTECTIVE ORDER

In Anthony's sole issue, he argues that the trial court erred in granting the protective order for a lifetime without making a finding to justify a duration exceeding two years.

**Applicable Law**

Protective orders are governed by provisions in both Title 4 of the Texas Family Code and Chapter 7B of the Texas Code of Criminal Procedure. Under the family code, "A court shall render a protective order as provided by Section 85.001(b) if the court finds that family violence has occurred." TEX. FAM. CODE ANN. § 81.001 (West Supp. 2023). The family code provides the following regarding the duration of a protective order:

> (a) Except as otherwise provided by this section, an order under this subtitle is effective:
>
>> (1) for the period stated in the order, not to exceed two years; or
>>
>> (2) if a period is not stated in the order, until the second anniversary of the date the order was issued.
>
> (a-1) The court may render a protective order sufficient to protect the applicant and members of the applicant's family or household that is effective for a period that exceeds two years if the court finds that the person who is the subject of the protective order:
>
>> (1) committed an act constituting a felony offense involving family violence against the applicant or a member of the applicant's family or household, regardless of whether the person has been charged with or convicted of the offense;
>>
>> (2) caused serious bodily injury to the applicant or a member of the applicant's family or household; or
>>
>> (3) was the subject of two or more previous protective orders rendered:
>>
>>> (A) to protect the person on whose behalf the current protective order is sought; and
>>>
>>> (B) after a finding by the court that the subject of the protective order has committed family violence.

*Id.* § 85.025(a), (a-1) (West Supp. 2023). "If the court renders a protective order for a period of more than two years, the court must include in the order a finding described by Section 85.025(a-1)." *Id.* § 85.001(d) (West Supp. 2023).

Under the code of criminal procedure, a stalking victim may apply for a protective order without regard to any relationship with the offender. TEX. CODE CRIM. PROC. ANN. art. 7B.001(a)(1) (West Supp. 2023). "At the close of a hearing on an application for a protective order under this subchapter, the court shall find whether there are reasonable grounds to believe that the applicant is the victim of . . . stalking[.]" *Id.* art. 7B.003(a) (West Supp. 2023). "If the court finds that there are reasonable grounds to believe that the applicant is the victim of . . . stalking[,] the court shall issue a protective order that includes a statement of the required

findings." *Id.* art. 7B.003(b) (West Supp. 2023). A person commits stalking, as pertinent in this case, if he

> on more than one occasion and pursuant to the same scheme or course of conduct that is directed at a specific other person, knowingly engages in conduct that:
>
> (1) constitutes an offense under Section 42.07, or that [he] knows or reasonably should know the other person will regard as threatening:
>
>> (A) bodily injury or death for the other person;
>
> . . . .
>
> (2) causes the other person . . .
>
>> (A) to be placed in fear of bodily injury or death . . . or
>>
>> (B) to feel harassed, terrified, intimidated, annoyed, abused, tormented, embarrassed, or offended; and
>
> (3) would cause a reasonable person under circumstances similar to the circumstances of the other person to:
>
>> (A) fear bodily injury or death for the person
>>
>> . . . . or
>>
>> (D) feel harassed, terrified, intimidated, annoyed, alarmed, abused, tormented, embarrassed, or offended.

TEX. PENAL CODE ANN. § 42.072(a) (West Supp. 2023). Stalking is a felony offense. *Id.* § 42.072(b) (West Supp. 2023). Under Section 42.07, a person commits harassment, as pertinent here, if

> with intent to harass, annoy, alarm, abuse, torment, or embarrass another, [he]:
>
> . . . .
>
> (2) threatens, in a manner reasonably likely to alarm the person receiving the threat, to inflict bodily injury on the person or to commit a felony against the person,
>
> . . . . or
>
> (9) tracks or monitors the personal property or motor vehicle of another person, without the other person's effective consent, including by:
>
> . . . .
>
>> (B) physically following the other person[.]

4

*Id.* § 42.07(a) (West Supp. 2023). "A protective order issued under Article 7B.003 may be effective for the duration of the lives of the offender and victim or for any shorter period stated in the order." TEX. CODE CRIM. PROC. ANN. art. 7B.007(a) (West Supp. 2023).

**Analysis**

Anthony argues that the trial court exceeded its authority by rendering a protective order with a duration that exceeds two years without making a finding under Section 85.025(a-1). He does not dispute the evidentiary sufficiency of the court's oral stalking finding but contends that, because the court failed to select in the written order a checkbox beside "stalking" or any other ground that could support a lifetime duration, we should modify the order to reflect a duration of two years. The State contends that the court's oral pronouncement is sufficient to support the order's lifetime duration under Article 7B.007 and that we should modify the order to correct the "scrivener's error."[1]

In Anthony's reply brief, he observes that the State alleged in its application only that he "committed family violence and is likely to commit family violence in the future," and he states, without citation to authority, that "[i]t is not a scrivener's error when the judgment matches what was contained in the pleading." Under Texas Rule of Civil Procedure 301, a trial court's judgment must conform to the pleadings. TEX. R. CIV. P. 301. However, unpleaded claims that are tried by express or implied consent of the parties are treated as if they were raised by the pleadings. TEX. R. CIV. P. 67; ***Roark v. Stallworth Oil & Gas, Inc.***, 813 S.W.2d 492, 495 (Tex. 1991). "The party who allows an issue to be tried by consent and who fails to raise the lack of a pleading before submission of the case cannot later raise the pleading deficiency for the first time on appeal." ***Roark***, 813 S.W.2d at 495.

The record here contains many indications that the parties tried the stalking issue by consent. Extensive evidence supporting a stalking finding was adduced, the word "stalking" was repeatedly used to characterize Anthony's actions, and Anthony cross-examined Christina regarding her voluntary interactions with him in the days before the 2023 assault. During Christina's testimony, she requested a lifetime duration for the order. The court orally pronounced its stalking finding and the order's lifetime duration. At no time did Anthony direct the court's attention to the absence of a stalking pleading in the protective order application.

---

[1] The order states that it was issued "in accordance with Chapter 85 of the Family Code, with Chapter 7A or 7B of the Code of Criminal Procedure, or both."

5

Under these circumstances, we conclude that the stalking claim was tried by implied consent of the parties, and Anthony cannot raise the pleading deficiency for the first time on appeal. *See id.*; TEX. R. CIV. P. 67.

Because the trial court made a finding of "stalking" in accordance with Article 7B.003(a), we overrule Anthony's sole issue. *See* TEX. CODE CRIM. PROC. ANN. arts. 7B.003(a), 7B.007(a). But because the court failed to include a statement of that finding in the protective order as required by 7B.003(b), we modify the order to reflect the stalking finding. *See id.* art. 7B.003(b); TEX. R. APP. P. 43.2(b); *Owens v. City of Tyler*, No. 12-21-00009-CV, 2021 WL 4617790, at *10 (Tex. App.—Tyler Oct. 6, 2021, no pet.) (mem. op.) ("We have the authority to modify the judgment to make the record speak the truth when we have the necessary data and information to do so"); *Vives v. Gersten*, No. 05-13-01463-CV, 2014 WL 7498016, at *5 (Tex. App.—Dallas Dec. 29, 2014, no pet.) (mem. op.) (modifying protective order under appellate Rule 43.2(b)).

## DISPOSITION

Having overruled Anthony's sole issue, we ***modify*** the trial court's protective order to reflect a stalking finding and ***affirm*** the order ***as modified***.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered August 15, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 15, 2024**

**NO. 12-23-00270-CV**

**ANTHONY TORREZ,**
Appellant
V.
**CHRISTINA TORREZ,**
Appellee

Appeal from the County Court at Law

of Anderson County, Texas (Tr.Ct.No. CCL-23-18105)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein, and the same being inspected, it is the opinion of the Court that the judgment of the trial court below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **modified** regarding the trial court's protective order to reflect a stalking finding; **and as modified**, **affirmed**; and that all costs of this appeal are hereby adjudged against the appellant, **Anthony Torrez** for which execution may issue, and that this decision be certified to the trial court below for observance.

James T. Worthen, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*