COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-436-CV

 

 

PATRICK J. IRWIN AND SONDRA                                         APPELLANTS

IRWIN

 

                                                   V.

 

NORTEX FOUNDATION DESIGNS,                                           APPELLEES

INC. AND JERRY COFFEE, P.E.

 

                                              ------------

 

            FROM THE 393RD
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

 

                                          I.  INTRODUCTION








The trial court granted summary judgment for
Appellees Nortex Foundation Designs, Inc. and Jerry Coffee, P.E. on the breach
of implied warranty and negligence claims of Appellants Patrick J. Irwin and
Sondra Irwin.  In four issues, Appellants
argue that the trial court improperly granted the final summary judgment.  We will affirm.

                          II.  FACTUAL AND PROCEDURAL BACKGROUND

Appellants purchased a home located in Flower
Mound from Randy Bollig Builder, Inc. 
Bollig constructed the home; Nortex had contracted with Bollig to design
the home=s
foundation; and Coffee, a Nortex employee, had stamped the engineer-designed
plans for the home=s foundation on behalf of
Nortex.  Home Owners Management
Enterprises, Inc. d/b/a Home of Texas and Warranty Underwriters Insurance
Company (collectively AHOME@) issued
a homeowner=s insurance policy on the
home.  Appellants never had a contract
with Appellees.

Appellants moved into the home in April
2002.  In August 2006, they sued Bollig
and HOME for alleged construction defects to the home.  According to their third amended petition,
the home had Asustained substantial movement
of the foundation systems and footings, load-bearing beams, girders, lintels,
columns, bearing walls, floor framing members[,] and roof framing members@ and had
shifted and cracked to such an extent Aas to
vitally affect the use of the home for residential purposes.@  Appellants averred that these and other
defects in the home constituted AMajor
Structural Defects.@








In October 2006, the trial court abated the case
for arbitration between Appellants, Bollig, and HOME, and Appellants sued
Appellees.  The case was eventually
reinstated, and Appellants alleged in their third amended petition that
Appellees negligently designed the foundation and breached their Acommon
law implied warranties that the foundation was designed in a good and
workmanlike manner.@[2]

In October 2007, HOME paid Appellants $375,000 to
settle Appellants= claims against them.[3]
 Thereafter, Appellees filed a motion for
summary judgment on Appellants= breach
of implied warranty and negligence claims. 
Appellees argued that Texas law does not recognize Appellants= implied
warranty claim and that Appellants failed to allege the negligence action
within the applicable two-year limitations period.  Appellees also sought summary judgment under
the Aone
satisfaction rule,@ arguing that Appellants had
been fully compensated for all of their damages.  The trial court granted Appellees= motion
for summary judgment.  Appellants filed a
motion for new trial, which was overruled by operation of law, and this appeal
followed.  See Tex. R. Civ. P.
329b(c).








                                     III.  STANDARD OF REVIEW

In a summary judgment case, the issue on appeal
is whether the movant met the summary judgment burden by establishing that no
genuine issue of material fact exists and that the movant is entitled to
judgment as a matter of law.  Tex. R.
Civ. P. 166a(c); Sw. Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex.
2002); City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678
(Tex. 1979).  The burden of proof is on
the movant, and all doubts about the existence of a genuine issue of material
fact are resolved against the movant.  Sw.
Elec. Power Co., 73 S.W.3d at 215.








When reviewing a summary judgment, we take as
true all evidence favorable to the nonmovant, and we indulge every reasonable
inference and resolve any doubts in the nonmovant=s
favor.  Valence Operating Co. v.
Dorsett, 164 S.W.3d 656, 661 (Tex. 2005). 
Evidence that favors the movant=s
position will not be considered unless it is uncontroverted.  Great Am. Reserve Ins. Co. v. San Antonio
Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex. 1965).  But we must consider whether reasonable and
fair-minded jurors could differ in their conclusions in light of all of the
evidence presented.  See Wal-Mart
Stores, Inc. v. Spates, 186 S.W.3d 566, 568 (Tex. 2006); City of Keller
v. Wilson, 168 S.W.3d 802, 822B24 (Tex.
2005).  The summary judgment will be
affirmed only if the record establishes that the movant has conclusively proved
all essential elements of the movant=s cause
of action or defense as a matter of law. 
Clear Creek Basin Auth., 589 S.W.2d at 678.

                                      IV.  IMPLIED WARRANTY








In their first issue, Appellants argue that the
trial court erred by granting summary judgment on the claim that Appellees
breached their common law warranty that they designed Appellants=
foundation in a good and workmanlike manner. 
Appellants acknowledge this court=s
opinion in Glenn v. Nortex Foundation Designs, Inc., which (1)
recognized that Texas courts have consistently held that a property owner may
not recover from a subcontractor with whom the owner had no direct contractual relationship,[4]
(2) observed that this court had specifically held that a homeowner=s
implied warranty claim against a subcontractor is barred as a matter of law,[5]
and (3) held that in a suit by a homeowner against a licensed structural
engineer, it is not an exception to the rule that a homeowner has no claim for
breach of an implied warranty against a subcontractor Awhere
the structural engineer, who designed the foundation and applied his
engineering seal to the foundation plans, failed to properly design the
foundation upon which the future homeowner=s home
would rest.@ 
No. 02-07-00172-CV, 2008 WL 2078510, at *3 (Tex. App.CFort
Worth May 15, 2008, no pet.) (mem op.).








Nonetheless, and notwithstanding the obvious
similarities between the status of the parties in this case and the parties in Glenn,[6]
Appellants argue that an implied warranty of good workmanship should be imposed
in this case because their remedy against Bollig, the builder of the home, was
nullified by its bankruptcy, thus creating a compelling need for recognizing
the warranty against Appellees.  As
support for this argument, Appellants rely on language in Codner, which
states that A[a]n implied warranty will not
be imposed unless there is a demonstrated, compelling need for it@ and
that A[i]t is
not necessary to impose an implied warranty as a matter of public policy if the
plaintiff has other adequate remedies to redress the alleged wrongs committed
by the defendant.@ 
40 S.W.3d at 672 (citing Rocky Mountain Helicopters, Inc. v. Lubbock
County Hosp. Dist., 987 S.W.2d 50, 53 (Tex. 1998)); see also Trans-Gulf
Corp. v. Performance Aircraft Servs., Inc., 82 S.W.3d 691, 696B97 (Tex.
App.CEastland
2002, no pet.) (stating that public policy does not justify imposing an implied
warranty for service transactions in the absence of a demonstrated, compelling
need).

The court of appeals in Codner declined to
apply, as a matter of public policy, an implied warranty between a
subcontractor and a homeowner because the appellant Aclearly
had adequate remedies to redress the wrongs he allege[d]@ against
the subcontractor.  40 S.W.3d at
674.  Similarly, in Glenn, this
court declined to apply an implied warranty between the homeowner and the
subcontractor who designed the homeowner=s
alleged flawed foundation in part because the homeowner had recovered via an
arbitration award over $227,000 in damages from the builder of the home and the
insurance company.  2008 WL 2078510, at
*1, 3.  In this case, Appellants have
already recovered $375,000 as a result of settling their claims against HOME
for the defects to their home. 
Appellants recovered the $375,000 from HOME notwithstanding Bollig=s filing
a Adeclaration
of bankruptcy.@ 
Thus, like in Glenn and Codner, Appellants have an Aother
adequate remed[y] to redress the alleged wrongs committed by@
Appellees.  See Codner, 40 S.W.3d
at 672.








Appellants contend that their mediation and
settlement with HOME was Anot an adequate remedy@ because
their damages exceed $700,000, excluding attorneys= fees
and punitive damages, and because they continued to have claims pending against
Appellees.  But Appellants= opinion
that they are entitled to recover an amount greater than the $375,000 they
recovered from HOME does not obviate their remedy and recovery against HOME.

Appellants have no compelling need that justifies
imposing an implied warranty in this case in light of their settlement with
HOME, an entity with whom Appellants had a contract.  See Rocky Mountain Helicopters, 987
S.W.2d at 53; Glenn, 2008 WL 2078510, at *3.  Accordingly, we hold that the trial court did
not err by granting Appellees= motion
for summary judgment on Appellants= implied
warranty claim.  We overrule Appellants= first
issue.

                                           V.  NEGLIGENCE

In their second issue, Appellants argue that the
trial court erred by granting summary judgment on their negligence claim.  They contend that Appellees failed to plead
the affirmative defense of limitations in their answer and that there is a
genuine issue of material fact regarding when they knew or should have known
that Appellees had allegedly negligently designed their home=s
foundation.

A.     No Objection to Limitations Affirmative
Defense

Appellees did not plead the affirmative defense
of limitations in their original answer (which is their only answer in the
record), but they included the following bold heading and statement in their
motion for summary judgment:








                  V.  SUPPLEMENTAL ANSWER AND DISCLOSURES

25.  Defendants do hereby supplement their latest
answer and all disclosures with all defensive theories and claims presented in
this motion.

 

By arguing that Appellees are not entitled to summary judgment on
their limitations affirmative defense because they failed to plead the defense
in an answer, Appellants implicitly contend that the above statement contained
in the motion for summary judgment is insufficient to properly plead the
affirmative defense.  See Tex. R.
Civ. P. 94.  We need not decide whether
this statement is sufficient to plead the affirmative defense of limitations,
however, because Appellants never objected to Appellees= alleged
failure to plead the defense.








An unpleaded affirmative defense may serve as the
basis for a summary judgment when it is raised in the summary judgment motion
and the opposing party does not object in writing to the lack of a rule 94
pleading.  Roark v. Stallworth Oil
& Gas, Inc., 813 S.W.2d 492, 494B95 (Tex.
1991) (reasoning that the failure to plead an affirmative defense under rule 94
is an issue that must be raised in the trial court or it may not be urged on
appeal); see McConnell v. Southside ISD, 858 S.W.2d 337, 341 (Tex. 1993)
(A[I]ssues
a nonmovant contends avoid the movant=s
entitlement to summary judgment must be expressly presented by written answer
to the motion or by other written response to the motion and are not expressly
presented by mere reference to summary judgment evidence.@); Red
Roof Inns, Inc. v. Murat Holdings, L.L.C., 223 S.W.3d 676, 688 (Tex. App.CDallas
2007, pet. denied).  If the nonmovant
does not object to a variance between the motion for summary judgment and the
movant=s
pleadings, it would advance no compelling interest of the parties or of our
legal system to reverse a summary judgment simply because of a pleading
defect.  Roark, 813 S.W.2d at 495.

Here, Appellants objected in their response to
Appellees= motion for summary judgment
that Appellees had failed to plead the Aone
satisfaction rule@ defense in their answer, but
they did not object that Appellees had failed to plead the affirmative defense
of limitations.  Appellants also argued
in their response that Appellees did not Aprove
all elements of its [limitations] affirmative defense,@ but
this contention challenges the trial court=s ruling
on the merits of the defense, not on the absence of the rule 94 pleading.  Accordingly, because Appellants did not
notify the trial court in a written answer or response objecting that Appellees
had failed to include the limitations affirmative defense in their answer,
Appellants= objection may not be raised for
the first time on appeal.  See Roark,
813 S.W.2d at 495; see also McConnell, 858 S.W.2d at 341; Red Roof
Inns, Inc., 223 S.W.3d at 688.  We
overrule this part of Appellants= second
issue.








B.     Limitations

Appellees argued in the trial court that summary
judgment was properly granted on Appellants=
negligence action because it was not filed within the applicable two-year
limitations period.  They contended that
the negligence action, which was filed in October 2006, accruedCat the
latestCin June
2004 because at that time, Appellants had hired a professional engineer to
assess their foundation, received a report detailing the engineer=s
opinion about the foundation, notified Bollig by letter of the report, and
requested that Bollig make numerous repairs to the house.[7]








The discovery rule defers accrual of a cause of
action until the plaintiff knows or, through the exercise of reasonable
diligence, should know of facts giving rise to the cause of action.  Computer Assocs. Int=l, Inc.
v. Altai, Inc., 918 S.W.2d 453, 455 (Tex. 1996).  The discovery rule is Aa very
limited exception to statutes of limitations@ and
applies only when the plaintiff=s injury
is both inherently undiscoverable and objectively verifiable.  Id. at 455B56.  An injury is inherently undiscoverable if, by
its nature, it is unlikely to be discovered within the prescribed limitations
period despite the exercise of due diligence. 
Wagner & Brown, Ltd. v. Horwood, 58 S.W.3d 732, 734B35 (Tex.
2001).  The question is not whether the
particular injury was actually discovered by the claimant within the
limitations period but whether Ait was
the type of injury that generally is discoverable by the exercise of reasonable
diligence.@ 
HECI Exploration Co. v. Neel, 982 S.W.2d 881, 886 (Tex. 1998).

A defendant who moves for summary judgment on the
affirmative defense of limitations has the burden to conclusively establish the
defense, which includes proving when the cause of action accrued and, if
applicable, negating the discovery rule by proving as a matter of law that
there is no genuine issue of material fact about when the plaintiff discovered
or, in the exercise of reasonable diligence, should have discovered the nature
of its injury.  KPMG Peat Marwick v.
Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999); Dean
v. Frank W. Neal & Assocs., Inc., 166 S.W.3d 352, 355B56 (Tex.
App.CFort
Worth 2005, no pet.).  If the movant
establishes that the statute of limitations bars the action, the nonmovant must
then adduce summary judgment proof raising a fact issue in avoidance of the
statute of limitations.  KPMG Peat
Marwick, 988 S.W.2d at 748.








Appellees included in their summary judgment
evidence a May 31, 2004 report produced by a professional engineer at
Appellants= request.  The report is addressed to Appellants and
states, AThis
report constitutes the engineering opinion that you requested on the foundation
at the referenced address.  It provides
the professional opinion of the writer . . . .@  The engineer who authored the report made the
following AExterior distress symptoms and
observations@ of the home:  (1) Astairstep
crack in brick and mortar to 1/8 [inch] wide@; (2) Awood to
brick separation greater than 2 [inch]
wide@; (3) Acrack in
perimeter beam to 1/8 [inch] wide@; (4) Atrim
pulled apart at joints@; (5) Agap
between trim and top brickline@; and
(6) Ahorizontal
crack in mortar to 1/16 [inch] wide.@  The engineer made the following AInterior
Observations@:  (1) ADoor at
position >A= is
slightly off level and low towards the low elevations@; (2) ASmall
crack in plaster joint in wall@; (3) ARepaired
cracks in ceiling@; (4) AWindow
sill is off level@; (5) AWalls
lean out@; and
(6) ATrim
buckle.@

Also included in Appellees= summary
judgment evidence is a June 11, 2004 letter drafted by Patrick Irwin and
addressed to Bollig requesting that Bollig take the following action:  (1) AAdjust
piers if needed or foundation repairs@; (2) ARepair
cracks and re-plaster and paint repairs@; (3) ARe-work
trim where needed@; (4) AAlign
doors in the specified areas@; and
(5) ARe-mortar
exterior cracks as well as wing at garage.@








The summary judgment evidence demonstrates that
the Appellants= alleged negligently designed
foundation was not inherently undiscoverable in June 2004.  The independent engineer=s report
contained numerous details identifying problems related to Appellants=
foundation, and Appellants sent a letter to Bollig asking it to make
foundation-related repairs to the house. 
To the extent the summary judgment evidence demonstrates that Appellants
had not already discovered the alleged negligently designed foundation,
Appellants could have discovered the alleged negligently designed foundation by
exercising reasonable diligence with the information contained in the
independent engineer=s report.  Appellees thus met their burden to show that
in June 2004, Appellants knew or, through the exercise of reasonable diligence,
should have known of facts giving rise to their negligence action.  See KPMG Peat Marwick, 988 S.W.2d at
748; see also Horwood, 58 S.W.3d 732, 734B35.








Appellants respond that a genuine issue of
material fact exists as to whether their negligence action accrued in June 2004
because (1) they were not aware of any Amajor
structural issues@ when the June 2004 letter was
drafted; (2) Bollig indicated that the matters were Acosmetic
settling issues@; (3) the independent engineer
stated that they should Alet everything settle and then
complete repairs in August [2004]@; and
(4) the letter was Ajust to tell Mr. Bollig of
[their] plan to wait until August, and then [Bollig] should complete these
repairs.@  But Appellants=
evidence regarding their subjective interpretation of the independent engineer=s report
is only relevant to whether they knew of facts giving rise to their
negligence action.  In light of the
information contained in the engineer=s report
identifying numerous foundation-related issues with the home and of Patrick=s letter
requesting repairs from Bollig, Appellants=
evidence does not raise a genuine issue of material fact as to whether, through
the exercise of reasonable diligence, they should have known in June
2004 about the facts giving rise to their negligence cause of action.  See Altai, Inc., 918 S.W.2d at 455B56.

We hold that Appellants failed to raise a genuine
issue of material fact that the discovery rule tolled the accrual of the
applicable two-year statute of limitations beyond June 2004.  Because Appellants did not file their
negligence cause of action until October 2006, months beyond the running of the
two-year limitations period in June 2006, we hold that the trial court did not
err by granting Appellees= motion for summary judgment on
Appellants= negligence action.  We overrule the remainder of Appellants= second
issue.

Because we have overruled Appellants= first
and second issues, we need not consider their third issue, complaining that the
trial court erred by granting Appellees= motion
for summary judgment under the Aone
satisfaction rule.@ 
See Tex. R. App. P. 47.1.

                              VI.  REMAINING ACAUSES OF ACTION@








In their fourth issue, Appellants argue that the
trial court erred by granting a final summary judgment because Appellees did
not challenge all alleged Acauses
of action.@ 
They contend that Appellees never challenged their Aactions@ for
agency/joint enterprise, unconscionable/knowing conduct, damages, attorneys= fees,
litigation expenses, and mental anguish. 
According to Appellants= third
amended petition, the only Acauses
of action@ asserted against Appellees
include negligence and breach of warranties.[8]  We have already held above that the trial
court did not err by granting Appellees= motion
for summary judgment on Appellants= implied
breach of warranty and negligence actions. 
We overrule Appellants= fourth
issue.








                                          VII.  CONCLUSION

Having overruled Appellants= first,
second, and fourth dispositive issues, we affirm the trial court=s order
granting summary judgment in favor of Appellees.

 

BILL
MEIER

JUSTICE

 

PANEL:  CAYCE, C.J.; DAUPHINOT and MEIER, JJ.

 

DELIVERED:  August 13, 2009











[1]See Tex. R. App. P. 47.4.





[2]This petition omitted
Bollig, who filed a Asuggestion of bankruptcy@ in May 2007, as a named
defendant.





[3]Appellees were not part
of the settlement agreement.





[4]See J.M. Krupar Constr.
Co. v. Rosenberg, 95 S.W.3d 322, 332 (Tex. App.CHouston [1st Dist.] 2002, no pet.); Raymond v.
Rahme, 78 S.W.3d 552, 563 (Tex. App.CAustin 2002, no pet.); Codner v. Arellano,
40 S.W.3d 666, 672B74 (Tex. App.CAustin 2001, no pet.).





[5]See Rayon v. Energy
Specialties, Inc., 121 S.W.3d 7, 21 (Tex. App.CFort Worth 2002, no pet.).





[6]Appellants are homeowners
just like the appellant in Glenn. 
See 2008 WL 2078510, at *1. 
And Appellees, an engineering firm and licensed structural engineer who
contracted with the builder of the homeCnot the homeownerCto design the home=s foundation, are the
same appellees as in Glenn.  See
id.





[7]Appellants do not dispute
that their negligence action is governed by a two-year statute of limitations.





[8]Agency and joint
enterprise are theories of vicarious liability, see St. Joseph Hosp. v.
Wolff, 94 S.W.3d 513, 517 (Tex. 2002) and Crooks v. Moses, 138
S.W.3d 629, 637B38 (Tex. App.CDallas 2004, no pet.);
unconscionable or knowing conduct refers to conduct relevant to a claim for
violation of the Deceptive Trade Practices Act, see Tex. Bus. & Com.
Code Ann. ' 17.50(a)(3), (b)(1)
(Vernon Supp. 2008); generally, attorneys= fees or litigation expenses are not recoverable
unless allowed by statute or contract, see McDorman v. Rogers, No.
09-06-00514-CV, 2008 WL 1970928, at *11 (Tex. App.CBeaumont May 8, 2008, no
pet.) (mem. op.); and even if there was a fact issue as to when Appellants= negligence claim
accrued, which there is not, damages for mental anguish are not recoverable in
this case, see Glenn, 2008 WL 2078510, at *4 (ABecause Glenn=s pleaded negligence
cause of action was for only professional engineering negligence that
purportedly caused property damage to her home, she is, as a matter of law, not
entitled to mental anguish damages . . . .@).