ACCEPTED
01-15-00567-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
12/14/2015 12:39:08 PM
CHRISTOPHER PRINE
CLERK

No. 01-15-00567-CV

IN THE COURT OF APPEALS FOR THE FIRST DISTRICT
HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
12/14/2015 12:39:08 PM
CHRISTOPHER A. PRINE
Clerk

MACKEY GLEN PETERSON, TONYA PETERSON, DON LESLIE
PETERSON AND LONNY PETERSON, APPELLANTS

v.

SILVERADO SENIOR LIVING, INC., D/B/A SILVERADO SENIOR
LIVING SUGAR LAND, APPELLEE

# Appendix Tab 74 - 83

P. Alan Sanders
Tx. State Bar No:  17602100
Joshua Davis
Tx. State Bar No. 24031993
Lewis Brisbois Bisgaard & Smith, LLP
Weslayan Tower, Suite 1400
24 Greenway Plaza
Houston, Texas, 77046
(713) 659-6767
(713) 759-6830 – Fax
Alan.Sanders@LewisBrisbois.com
Josh.Davis@LewisBrisbois.com

TAB 74

DATA ENTRY
PICK UP THIS DATE

FILED
3/23/2015 5:27:48 PM
Stan Stanart
County Clerk
Harris County

NO. 427,208 -4o1                    PROBATE COURT 1

| | | |
|---|---|---|
| IN RE: GUARDIANSHIP OF | § | IN THE PROBATE COURT |
| | § | |
| RUBY PETERSON, | § | NUMBER ONE |
| | § | |
| PROPOSED WARD | § | HARRIS COUNTY, TEXAS |

CAUSE NO. 2014-40980

| | | |
|---|---|---|
| MACKEY ("MACK") GLEN PETERSON, | § | IN THE DISTRICT COURT |
| PETERSON, Individually, Next Friend | § | |
| of RUBY PETERSON, DON LESLIE | § | |
| PETERSON, Individually and as Next | § | |
| Friend, of RUBY PETERSON, and | § | |
| LONNY PETERSON, Individually and | § | |
| Next Friend of RUBY S. PETERSON, | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| CAROL ANNE MANLEY, | § | |
| DAVID PETERSON, SILVERADO | § | |
| SENIOR LIVING CARE FACILITY, | § | |
| TANA MCMILLON, | § | |
| LINDA LAVINSON, DR. REBECCA | § | |
| CLEARMAN, DR. CHRIS MERKYL | § | |
| Defendants. | § | 129TH JUDICIAL DISTRICT |

## AMENDED MOTION TO SET ASIDE RULE 11 AGREEMENT FOR ILLEGALITY,

## LACK OF CONSIDERATION, FRAUD, AND EMOTIONAL/FINANCIAL DURESS

COMES NOW, DON LESLIE PETERSON, MACKEY GLEN PETERSON, AND

LONNY PETERSON and moves for this honorable Judge to set aside the purported Rule 11

agreement executed between the Plaintiffs with Defendants, CAROL ANN MANLEY AND

DAVID PETERSON, on or about October 18, 2014 due to fraud, emotional/financial duress, and

lack of consideration to support the same. The purported agreement ("Rule 11" or "Agreement")

Silverado Appx. 0599

is void as a matter of law. *See purported Rule 11 Agreement attached hereto and incorporated by reference.* In support thereof, PLAINTIFFS allege as follows:

## I. FACTS

1. On or about October 18, 2014, the PLAINTIFFS entered into the attached purported illegal Rule 11 Agreement with CAROL ANN MANLEY AND DAVID PETERSON under threats constituting emotional and financial duress and fraudulent inducement; however, the face of the agreement demonstrates that no consideration existed from the outset to support the agreement. As such, whether for lack of consideration or due to fraud, duress, or illegality, the agreement is void.

2. PLAINTIFFS were given little choice but to sign the agreement out of concern that their mother faced imminent death if not allowed to leave Silverado Senior Living. Unfortunately, the worst happened and PLAINTIFFS' fears bore true when RUBY PETERSON DIED on January 11, 2014. Attorney Russ Jones threatened that if they did not sign the agreement, their mother would likely be assigned a private guardian and never leave SILVERADO SENIOR LIVING. RUSS JONES further threatened that PLAINTIFFS would be assessed his fees and denied recovery of their own, in addition to possibly facing sanctions, if they refused to sign the Rule 11 Agreement. *See Affidavit of Mack Peterson.*

3. MACK PETERSON testifies by Affidavit to the foregoing facts and his fear (that bore true) that his MOTHER, RUBY PETERSON, faced imminent death if left at SILVERADO SENIOR LIVING ("SILVERADO"). He further testified that the reason he signed the purported agreement was due to the emotional and financial duress of the threats. See Affidavit. PLAINTIFFS had already produced attorney fee bills to this Court, reflecting personal expenditures exceeding $200,000. If the PARTIES proceeded to jury trial, the attorney fees

Silverado Appx. 0600

would substantially increase—including the ad litems' fees. MACK PETERSON further testified that he was unhappy with the fact that CAROL ANN MANLEY AND DAVID PETERSON were using PLAINTIFFS' inheritance and/or trust funds to pay their lawyers what is believed to be well over $200,000 to date and DON LESLIE PETERSON ("DON PETERSON") testified about DAVID PETERSON'S persistent theft and/or self-dealing with regard to RUBY PETERSON'S estate and/or the PETERSON FAMILY TRUST II.

4. PLAINTIFFS were essentially given an offer they could hardly refuse when RUSS JONES threatened costs, sanctions and guardianship of their MOTHER, RUBY PETERSON. In addition to DEFENDANTS' fraudulent representations of intent to move RUBY PETERSON out of SILVERADO, which was to occur imminently but never did, it was this emotional and financial duress that left PLAINTIFFS feeling as if they had no rational choice but to sign the onerous, distasteful Rule 11 Agreement.

5. Nevertheless, the "promises" made, however fraudulently, were illusory at best. Illusory promises cannot serve as consideration to support a binding contract because they are not enforceable.

6. Finally, the purported Rule 11 is void and must be set aside for illegality. Texas law is unambiguous in providing that illegal contracts are void as a matter of law.

7. For the foregoing reasons, PLAINTIFFS respectfully pray that the purported attached Rule 11 Agreement be declared void and set aside accordingly.

## II.     ARGUMENT AND AUTHORITIES

8. This purported Rule 11 Agreement is void for all of these reasons: fraud, emotional and financial duress, illegality, and lack of consideration. Furthermore, it is void, rather than voidable.

9. Contract law governs agreements made pursuant to rule 11. *Ronin v. Lerner*, 7 S.W.3d 883, 886 (Tex. App.—Houston [1st Dist.] 1999, no pet.). A contract is legally binding only if its terms are sufficiently definite to enable a court to understand the parties' obligations. See Fort Worth Indep. Sch. Dist. v. City of Fort Worth, 22 S.W.3d 831, 846 (Tex. 2000)." Each contract should be considered separately to determine its material terms." T.O. Stanley Boot Co., Inc. v. Bank of El Paso, 847 S.W.2d 218, 221 (Tex. 1992).

## A. ILLEGALITY

10. The purported Rule 11 Agreement is void because it violates the law with respect to the Texas and Health and Safety Code on medical powers of attorney and the estates code, which presumes capacity in the absence of clear and convincing evidence by a jury finding. The net effect is that Ruby Peterson was presumed to have capacity and as such, it was error for the Court to assign Russ Jones or Jill W. Young to sign on her behalf. Furthermore, the 1993 medical power of attorney was revoked and forever terminated on November 15, 2013 and as such, cannot be revived even by Ruby Peterson's agreement. It was a legal fiction for the PARTIES to pretend that the 1993 power of attorney granted DEFENDANTS had any continuing validity and the Court should not have ratified the same. To do so violated Ruby Peterson's rights.

11. Section 166.155 of the Texas Health and Safety Code unambiguously provides the ability to revoke a MEDICAL power of attorney without regard to mental status or competency, such that a person can revoke the same even if incompetent. Tex. Health. Saf. Code 166.155. A MEDICAL power of attorney is not 'DURABLE' like its financial counterpart, because it does not become effective until a person is deemed incapacitated. For this reason, "Durable Power of Attorney" necessarily means "Financial Power of Attorney," not medical.

12. The Texas Health and Safety Code regarding Medical Powers of Attorney provides that **only the principal can terminate a medical power of attorney, can revoke even if incompetent and without regard to competency, and once revoked, the document is terminated and cannot be revived by a settlement agreement. Sec. 166.155. This is particularly true as to Ruby Peterson, who is presumed competent under the Texas Estates Code until determined by a jury to be incompetent by clear and convincing evidence.** A review of case law concerning the rights of the disabled and incapacitated to refuse medical treatment supports this premise and based upon the 14th Amendment, 5th Amendment, as well as the Constitutional Right to Privacy. For this reason, the Court erred allowing Russ Jones and Jill Young to sign the agreement on Ruby's behalf. Ruby Peterson is a necessary party absent from the Rule 11 and cannot even revive a terminated power of attorney. Tex. Health and Safety Code 166.155.

> **Sec. 166.155. REVOCATION. (a) A medical power of attorney is revoked by:**
>
> **(1) oral or written notification at any time by the principal to the agent or a licensed or certified health or residential care provider or by any other act evidencing a specific intent to revoke the power, without regard to whether the principal is competent or the principal's mental state;**
>
> **(2) execution by the principal of a subsequent medical power of attorney; or**
>
> **(3) the divorce of the principal and spouse, if the spouse is the principal's agent, unless the medical power of attorney provides otherwise.**

**(b) A principal's licensed or certified health or residential care provider who is informed of or provided with a revocation of a medical power of attorney shall immediately record the revocation in the principal's medical record and give notice of the revocation to the agent and any known health and residential care providers currently responsible for the principal's care. Added by Acts 1991, 72nd Leg., ch. 16, Sec. 3.02(a), eff. Aug. 26, 1991. Renumbered from Civil Practice & Remedies Code Sec. 135.005 and amended by Acts 1999, 76th Leg., ch. 450, Sec. 1.05, eff. Sept. 1, 1999.**

13. The PARTIES could not legally agree that a terminated power of attorney had validity, nor could the Court ratify the same. Instead, their only option was to have Ruby Peterson execute a new medical power of attorney if she had capacity to do so, which all PARTIES concede RUBY PETERSON likely lacked, though they continue to be bound by the presumption of capacity until such finding is made. Russ Jones acknowledged the fact that he understood the medical power of attorney terminated when he threatened PLAINTIFFS that he would pursue guardianship of RUBY PETERSON, seek costs, fees, and sanctions against PLAINTIFFS if they refused to agree to the Rule 11. Neither the ad litems nor DEFENDANTS have produced any legal authorities which indicate they had the power to agree to continue using a terminated/revoked medical power of attorney *as if it was never revoked* because no such legal authority exists. Consequently, the agreement was illegal and void. Texas law is clear that any illegal agreement is void as a matter of law.

### B. LACK OF CONSIDERATION / ILLUSORY PROMISES

12. The agreement is further void for lack of consideration—mutuality of obligation or something of value given to PLAINTIFFS in exchange for their promise to settle claims against

Silverado Appx. 0604

them. Consideration consists of either a benefit to the promisor or a detriment to the promisee. *See Tamez v. Southwestern Motor Transp., Inc.*, 155 S.W.3d 564, 571 (Tex. App.-San Antonio 2004, no pet.). Consideration is a present exchange bargained for in return for a promise. *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 496 (Tex. 1991). Consideration may consist of some right, interest, profit, or benefit that accrues to one party; or, alternatively, of some forbearance, loss, or responsibility that is undertaken or incurred by the other party. *Frequent Flyer Depot, Inc. v. Am. Airlines, Inc.*, 281 S.W.3d 215, 224 (Tex. App.–Fort Worth 2009, pet. denied). Paying money or surrendering a legal right ordinarily represents valid consideration. *See N. Natural Gas Co. v. Conoco, Inc.*, 986 S.W.2d 603, 607 (Tex. 1998). While PLAINTIFFS gave something of value, they received nothing of return and were promised nothing in return. The promises made by DEFENDANTS were illusory. An illusory promise is not consideration under Texas law. As such, the Rule 11 Agreement is void.

13. Lack of consideration is evident from the face of the document, which gives PLAINTIFFS nothing of value in return for their agreement to settle claims asserted against DEFENDANTS. The promises were illusory because they were incapable of enforcement by PLAINTIFFS due to: (a) the failure to specify a date by which RUBY PETERSON would be moved out of SILVERADO and (b) the lack of authority DEFENDANTS had to determine whether PLAINTIFFS would be granted fees by the Court. Notably, the agreement did not promise to pay their fees; but rather, DEFENDANTS merely promised not to object to their fees. Without a promise that PLAINTIFFS' attorneys' fees would be paid by DEFENDANTS, the question of whether PLAINTIFFS were granted fees is solely within the discretion of the Court. Notably, after promising not to object to PLAINTIFFS' fees, DEFENDANTS did just that when Sarah Pacheco filed objections to PLAINTIFFS' fee application.

14. A contract must be based upon a valid consideration, in other words, mutuality of obligation. See *Texas Gas Util. Co. v. Barrett*, 460 S.W.2d 409, 412 (Tex.1970); *Langley v. Norris*, 141 Tex. 405, 173 S.W.2d 454, 458 (1943); *Texas Farm Bureau Cotton Ass'n v. Stovall*, 113 Tex. 273, 253 S.W. 1101, 1105 (1923). Consideration is a bargained for exchange of promises. *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 496 (Tex.1991). Consideration consists of benefits and detriments to the contracting parties. *Roark*, 813 S.W.2d at 496. The detriments must induce the parties to make the promises and the promises must induce the parties to incur the detriments. *Roark*, 813 S.W.2d at 496. **A contract that lacks consideration, lacks mutuality of obligation and is unenforceable.** See *Texas Farm Bureau*, 253 S.W. 1101 at 1105. If a purported contract lacks mutuality of obligation, *such as here*, it is not enforceable and void. This is the case where one party's promise is illusory as nothing of value is given to the promisee. Notably, DEFENDANTS failed to honor even the illusory promises made—of moving RUBY PETERSON from SILVERADO to a suitable facility and/or not objecting to PLAINTIFFS' fee application.

15. **An illusory promise can potentially become consideration if value is given to support it, but that never occurred here.** *Light v. Centel Cellular Co. of Tex.*, 883 S.W.2d 642, 647 (Tex.1994). DEFENDANTS never moved RUBY PETERSON as agreed to in the Rule 11 and violated their promise not to object to PLAINTIFFS' fees by doing just that. There is nothing of value flowing to the PLAINTIFFS that is capable of enforcement. As such, the Contract failed and is void for lack of consideration

15. The Texas Supreme Court has held that an agreement containing illusory promises is not an enforceable contract and can only potentially become enforceable if the promised value is given to the promisee. *Light v. Centel Cellular Co. of Tex.*, 883 S.W.2d 642, 647 (Tex.1994). It is

Silverado Appx. 0606

indisputable that DEFENDANTS never gave PLAINTIFFS anything of value and in fact, sought to deny them attorneys fees after promising not to object to them. First and foremost, an agreement not to object to PLAINTIFFS' attorneys fees, even if kept, is not "value" sufficient to support the "mutuality of obligation" requirement for a contract to be enforceable. DEFENDANTS never had discretion over whether PLAINTIFFS were paid fees in the guardianship or tort action and could only agree affirmatively to pay their fees in terms of consideration, which they did not. Second, a promise to move RUBY PETERSON from SILVERADO without a deadline by which DEFENDANTS were obligated to do so, is illusory because it is incapable of enforcement. As such, no valid consideration existed to support the naked promises, such that PLAINTIFFS have no obligation to release DEFENDANTS and the Rule 11 must be set aside as void. *Light v. Centel Cellular Co. of Tex.*, 883 S.W.2d 642, 647 (Tex.1994). . An illusory promise, like nominal consideration, looks like a contract and sounds like a contract but it is not a contract because one of the parties is not bound. Because an illusory promise forms a contract in which only one party is required to perform, an illusory promise is not valid consideration and neither party to a contract containing an illusory promise is bound by the contract.

## C. FRAUDULENT INDUCEMENT

16. A simple examination of DEFENDANTS' actions, from the time the Rule 11 was signed until RUBY PETERSON died on hospice at SILVERADO January 11, 2014, demonstrates that CAROL ANN MANLEY AND DAVID PETERSON fraudulently induced PLAINTIFFS into agreeing to the Rule 11 by promises they never intended to keep. Were that not so, DEFENDANTS would have evidenced a modicum of good faith towards performance. Not once did CAROL ANN OR DAVID communicate any efforts to even locate a suitable alternative

Silverado Appx. 0607

facility for RUBY PETERSON, but instead, they allowed her to die at SILVERADO and never once communicated good faith effort to move her to PLAINTIFFS. PLAINTIFFS tried to communicate and learn when RUBY was to be moved on multiple occasions and were met with open hostility rather than good faith. Sarah Pacheco's objection to their fee request shortly thereafter is additional proof that they never intended to comply with the agreement when they signed it and fraudulently induced PLAINTIFFS to sign it.

17. PLAINTIFFS signed the Rule 11 with the understanding that RUBY PETERSON would be moved imminently and gave DEFENDANTS a window of opportunity to find suitable living arrangements, which was abused. Had PLAINTIFFS known that DEFENDANTS had no intent to move RUBY PETERSON or intended to dispute their fees, they would never have signed the agreement. The promises were material, even if illusory.

17. For fraudulent inducement, the agreement must be set aside as void. Under Texas law, fraudulent inducement exists where a party proves: (1) a material representation, (2) that was false, (3) that was either known to be false when made or was asserted without knowledge of the truth, (4) that was intended to be acted upon, (5) was relied upon, and (6) that caused injury. See Formosa [Plastics Corp. USA v. Presidio Eng'rs Contractors], 960 S.W.2d [41,] 47 [(Tex. 1998)]; DeSantis v. Wackenhut Corp., 793 S.W.2d 670, 688 (Tex. 1990), cert. denied, 498 U.S. 1048, 111 S.Ct. 755, 112 L.Ed.2d 775 (1991). "A promise of future performance constitutes an actionable misrepresentation if the promise was made with no intention of performing at the time it was made." Formosa, 960 S.W.2d at 48. Circumstantial evidence is sufficient to prove fraudulent inducement and the mere fact that DEFENDANTS took no action in pursuit of their promise to move RUBY from SILVERADO for sixty days—to even demonstrate a modicum of good faith—shows fraudulent inducement. The hostility with which PLAINTIFFS have

Silverado Appx. 0608

continuously been met after signing the purported Rule 11 Agreement provides more evidence that DEFENDANTS tricked them into signing it and never intended to comply.

18. Fraudulent inducement can also occur by nondisclosure when the PARTY has a duty to disclose. DEFENDANTS had a duty to move RUBY PETERSON from SILVERADO in good faith and would have alerted PLAINTIFFS of the same—if they were acting in good faith. CONTRACTS must be set aside or voided if there is evidence that A PARTY was fraudulently induced to sign an agreement or did so under duress. The elements of a cause of action for fraud by nondisclosure are

(1)     the defendant failed to disclose facts to the plaintiff;

(2)     the defendant had a duty to disclose those facts;

(3)     the facts were material;

(4)     the defendant knew the plaintiff was ignorant of the facts and the plaintiff did not have an equal opportunity to discover the facts;

(5)     the defendant was deliberately silent when it had a duty to speak;

(6)     by failing to disclose the facts, the defendant intended to induce the plaintiff to take some action or refrain from acting;

(7)     the plaintiff relied on the defendant's nondisclosure; and

(8)     the plaintiff was injured as a result of acting without that knowledge.

*Reservoir Syst., Inc. v. TGS–NOPEC Geophysical Co., L.P.*, 335 S.W.3d 297, 306 (Tex.App.-Houston [14th Dist.] 2010, pet. denied).

19. Whether the Court deems DEFENDANTS' fraudulent inducement to be affirmative or fraud by nondisclosure of material facts—it is clear that DEFENDANTS made the illusory promise with no intention to keep it. Evidence to support this lies in their failure to demonstrate good

faith to perform their purported obligations. Not once did they evidence even a scintilla of good faith in their actions. DEFENDANTS did not keep any of their promises and clearly never intended to do so. Were it not so, SARAH PACHECO would not have disputed PLAINTIFFS' fees after promising not to do this as "consideration" for the settlement.

## D. EMOTIONAL AND FINANCIAL DURESS

20. Finally, where duress exists, emotionally or financially, a contract is void. Texas law defines duress in four elements: (1) there is a threat to do some act which the threatening party has no legal right to do; (2) the threat must be of such character to destroy the free agency of the threatened party; (3) the restraint caused by the threat must be imminent; and (4) the threat must be such that the threatened party has no present means of protection. *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*,66 F.3d 89, 92 (5th Cir. 1995); *Perez v. Alcoa Fujikura, Ltd.*,969 F. Supp. 991, 1012 (W.D. Tex. 1997); *King v. Bishop*, 879 S.W.2d 222,223-24 (Tex.App.-Houston 1994, NO writ).

21. RUSS JONES had no right to threaten sanctions and costs against PLAINTIFFS, as there was no basis for either. In fact, he violated Texas Disciplinary Rule of Professional Conduct 4.04 by threatening action solely for the purpose of obtaining an advantage to the PLAINTIFFS' detriment—and his own client, RUBY PETERSON. The combination of financial duress and emotional duress, watching their mother slowly die from drugs and neglect, as their legal fees piled up while CAROL ANN MANLEY AND DAVID PETERSON engaged in persistent self-dealing with their inheritance, was sufficient to destroy PLAINTIFFS' free will and duress them into signing the Rule 11. MACK PETERSON testifies that he would not have signed but for this duress, nor would LONNY OR DON PETERSON have signed. PLAINTIFFS were were left with no reasonable choice but to sign the distasteful Rule 11, if they hoped to save their mother's

Silverado Appx. 0610

life. Yet, despite their signatures, RUBY PETERSON was not moved and died as they feared at SILVERADO.

22. PLAINTIFFS filed this lawsuit to save their mother's life and spent over $200,000, which they have not been reimbursed. At the same time, they were lied to, threatened and forced into the corner as they watched their mother die and inheritance stolen by DEFENDANTS. RUSS JONES stated that if they did not sign the agreement, RUBY PETERSON would never leave SILVERADO SENIOR LIVING (the facility drugging her to death and falsely imprisoning her) and this was enough to effectively destroy the PLAINTIFFS' free will. It was an offer they truly could not afford to refuse, so they signed it. Clearly, the foregoing emotional and financial duress is sufficient to satisfy Texas law, rendering the Contract void. *See Affidavit of Mack Peterson.*

## III. PRAYER FOR RELIEF

22. In light of the arguments and authorities cited herein, and DEFENDANTS' duress, fraud, lack of consideration, and the illegality of the Rule 11, it must be set aside as void. PLAINTIFFS pray that this Honorable Judge set aside the purported Rule 11 Agreement as void. PLAINTIFFS further request all other and further relief to which they are justly entitled at law or in equity.

Respectfully submitted,

Philip M. Ross
**SBN 17304200**
1006 Holbrook Road
San Antonio, Texas 78218
Phone: 210/326-2100
Email: ross_law@hotmail.com

*Candice Leonard Schwager*
Candice Leonard Schwager
**SCHWAGER LAW FIRM**
SBN 24005603

1417 Ramada Dr.
Houston, Texas 77062
TEL: 832.315.8489
FAX: 832.514.4738
schwagerlawfirm@live.com
**ATTORNEYS FOR DON LESLIE PETERSON,
MACKEY GLEN PETERSON, AND LONNY
PETERSON**

## CERTIFICATE OF SERVICE

I, CANDICE SCHWAGER, hereby certify that on this 23rd day of MARCH, 2015, the foregoing pleading was e-filed and served upon all counsel of record in accordance with the Texas Rules of Civil Procedure.

*Candice Leonard Schwager*

Silverado Appx. 0612

No. 1-15-567-CV **2091**

TAB 75



FILED
4/3/2015 2:19:28 PM
Stan Stanart
County Clerk
Harris County

Cause No. 427208        **PROBATE COURT 1**

| | | |
|---|---|---|
| IN THE GUARDIANSHIP OF | § | IN THE PROBATE COURT |
| | § | |
| RUBY S. PETERSON, | § | NUMBER ONE (1) OF |
| | § | |
| AN INCAPACITATED PERSON | § | HARRIS COUNTY, TEXAS |

---

## AD LITEMS' MOTION FOR ENTRY OF JUDGMENT ON BINDING NON-REVOCABLE SETTLEMENT AGREEMENT PURSUANT TO SECTION 1055.151(C) OF THE TEXAS ESTATES CODE

---

TO THE HONORABLE LOYD H. WRIGHT:

COME NOW, JILL YOUNG, acting in her capacity as Guardian Ad Litem for the person and estate of Ruby S. Peterson (deceased) and W. RUSS JONES, acting in his capacity as Attorney Ad Litem for the person and estate of Ruby S. Peterson (deceased), and file this their AD LITEM'S MOTION FOR ENTRY OF JUDGMENT ON BINDING NON-REVOCABLE SETTLEMENT AGREEMENT PURSUANT TO SECTION 1055.151(C) OF THE TEXAS ESTATES CODE, and in support thereof, would respectfully show unto the Court the following:

### I. BACKGROUND

1. Plaintiffs Mack Peterson, Don Peterson and Lonny Peterson and their counsel, Phil Ross, Defendants Carol Ann Manley and David Peterson and their counsel, Sarah Pacheco, and the Movant Ad Litems for the person and estate of Ruby S. Peterson, Jill Young and W. Russ Jones attended mediation before the Honorable Jim Scanlan on October 29, 2014.

2. At mediation, the parties reached a mediated settlement agreement (MSA), subject to approval by this Court. (*See* attached Exhibit A which is incorporated herein by reference as if set forth verbatim).

Silverado Appx. 0613

3. Thereafter, on November 7, 2014, the Court authorized, ratified and approved the MSA and its execution by movants on behalf of Ruby S. Peterson, as being in the best interest of the proposed ward and her estate. *Id.* at page 5.

## II. BINDING NON-REVOCABLE AGREEMENT PURSUANT TO TEXAS ESTATES CODE SECTION 1055.151

4. As an integral part of the MSA, all parties agreed, in writing, that the mediated settlement agreement was **BINDING AND NON-REVOCABLE** pursuant to Section 1055.151 of the Texas Estates Code. *Id.* at page 3.

5. In prominently displayed, bold face, 20 pt., all caps typeface, the agreement states:

# THE PARTIES AGREE THAT THIS AGREEMENT SHALL BE A BINDING NONREVOCABLE AGREEMENT UNDER THE TEXAS ESTATES CODE SECTION 1055.151 AND IS NOT SUBJECT TO REVOCATION BY THE PARTIES.

6. The non-revocation statement fully complies with the statutory requirements of Section 1055.151(b) because the agreement: (1) *provides, in a prominently displayed statement that is in boldfaced typed*, or underlined, *that the agreement is not subject to revocation by the parties*; (2) *is signed by each party* to the agreement; and (3) *is signed by the party's attorney, if any, who is present* at the time the agreement is signed.

7. Since the nonrevocation statement of the MSA meets all the statutory requirements of Section 1055.151(b), "**a party is entitled to judgment on the mediated settlement agreement notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law**." [Emphasis added.] *See* Texas Estates Code Section 1055.151 (c).

Silverado Appx. 0614

8.     Therefore, Defendants Carol Ann Manley and David Peterson and the guardianship estate of Ruby S. Peterson are entitled to judgment on the mediated settlement agreement pursuant to Section 1055.151(c) of the Texas Estates Code, for which they respectfully pray and for which the Ad Litems jointly move the Court. A copy of the proposed Final Judgment containing the material terms of the MSA is attached hereto as Exhibit B, and is incorporated herein by reference as if set forth verbatim.

WHEREFORE, PREMISES CONSIDERED, JILL YOUNG, acting in her capacity as Guardian Ad Litem for the person and guardianship estate of Ruby S. Peterson, and W. RUSS JONES, acting in his capacity as Attorney Ad Litem for the person and guardianship estate of Ruby S. Peterson, respectfully request that, after due notice, the Court to sign and enter the attached Final Judgment in this cause; and for such further relief, general or special, at law or in equity, to which they may show themselves justly entitled and for which they shall in duty bound forever pray.

Respectfully submitted,

UNDERWOOD, JONES & SCHERRER,
P.L.L.C.

By:_____
W. RUSS JONES
TBA # 10968050
5177 Richmond Avenue, Suite 505
Houston, Texas 77056
Telephone: (713) 552-1144
Facsimile: (713) 781-4448
rjones@ujsmlaw.com

ATTORNEY AD LITEM FOR RUBY S.
PETERSON, AN INCAPACITATED PERSON

Silverado Appx. 0615

MACINTYRE, MCCULLOCH, STANFIELD &
YOUNG, L.L.P.

By: _____

JILL W. YOUNG
T.B.A.#00797670
2900 Weslayan, Suite 150
Houston, TX 77027
Telephone: (713) 572-2900
Facsimile: (713) 572-2902
jill.young@mmlawtexas.com

**GUARDIAN AD LITEM FOR RUBY S.
PETERSON, AN INCAPACITATED PERSON**

**CERTIFICATE OF CONFERENCE**

I certify that on Friday, January 9, 2015 at 2:33 p.m., I conferred in writing with counsel for Defendants, Phil Ross and Candice Schwager, regarding whether they were opposed to a motion to enter final judgment on the mediated settlement agreement, and to date have received no response from either.

_____
W. RUSS JONES

Silverado Appx. 0616

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument has been served upon the following:

Sarah Patel Pacheco
Kathleen Tanner Beduze
Crain, Caton & James, P.C.
1401 McKinney, Suite 1700
Houston, Texas 77010

Candice Schwager
1417 Ramada Drive
Houston, Texas 77062

Philip M. Ross
1006 Holbrook Road
San Antonio, Texas 78218

Josh K. Davis
Lewis, Brisbois, Bisgaard & Smith, L.L.P.
Weslayan Tower, Suite 1400
24 Greenway Plaza

by email and/or e-service on the 3rd day of April, 2015.

W. RUSS JONES

Silverado Appx. 0617

No. 1-15-586-CV 3875

04072015:0902:P0278

Peterson Rule 11 Agreement

1. The parties to this agreement are:

    a.    Mack Peterson;

    b.    Don Peterson

    c.    Lonny Peterson;

    d.    Carol Ann Manley, individually, as agent for Mrs. Peterson and cotrustee of the Peterson Family Trust no. 2; and

    e.    David Peterson, individually, as agent for Mrs. Peterson and cotrustee of the Peterson Family Trust no. 2.

2. Carol Ann Manley and David Peterson shall continue to act as agent for Mrs. Peterson pursuant to the Durable Power of Attorney, Appointment of the Durable Power of Attorney for Health Care, Directive to Physicians, Sale of Real Property, et al, document dated June 23, 1993 ("1993 POA"). The parties will jointly request that the Court find the 1993 POA to be valid and remaining in effect and that any revocation of the 1993 POA executed in November of 2013 to be invalid.

3. Carol Ann Manley and David Peterson agree to locate a new residential facility for Mrs. Peterson. They will investigate and locate a new facility in Fort Bend or Harris County with comparable care and amenities. The Parties acknowledge that the new facility will be a memory care facility and maybe as or more expensive than Silverado. Carol Ann Manley and David Peterson will execute all necessary admission documents as Mrs. Peterson's medical agents and notify the other parties of the new facility.

4. Mrs. Peterson's children shall have the right to visit her at the residential facility selected by Carol Ann Manley and David Peterson as agent for Mrs. Peterson during normal visiting hours; provided all visitors shall comply with the rules and regulations of the facility. The Parties agree that more than one family or families may visit together.

5. Carol Ann Manley and David Peterson as agent for Mrs. Peterson will notify Don, Lonny and Mack Peterson of any significant changes in Mrs. Peterson's medical condition. Don, Lonny and Mack Peterson shall designate an email address for such notices.

6. Mrs. Peterson's children may take her for outings outside the ~~Don, Lonny and Mack Peterson~~  residential facility provided that initially (i) the outings will be 4 hours or less; and (ii) a caregiver will accompany Mrs. Peterson. Carol Ann Manley and David Peterson may extend these times and/or decide that a caregiver is not required after they are able to confirm she is able to remain medically stable. Any person who removes Mrs. Peterson for such an outing shall (i)give

EXHIBIT
A

Mrs. Peterson all prescribed medication that needs to be taken during the outing and (ii) return her to the facility timely.

7. No person or entity shall attempt to have Mrs. Peterson sign any legal, medical or other documents; provided that nothing shall prevent Mrs. Peterson from signing personal cards or letters of a personal non legal matter.

8. Carol Ann Manley and David Peterson shall continue to serve as trustee of the Peterson Family Trust no. 2. Don, Lonny and Mack Peterson approve Carol Ann Manley and David Peterson's accounting of Peterson Family Trust no. 2 and agrees to dismiss with prejudice all claims relating to such trust to date. Carol Ann Manley and David Peterson shall continue to pay any expenses relating to the trust from the trust estate.

9. Carol Ann Manley and David Peterson shall continue to serve as financial powers of attorney for Mrs. Peterson. Carol Ann Manley and David Peterson acknowledge and agree that the Amegy accounts in the name of Carol Ann Manley and David Peterson are power-of-attorney accounts and they will confirm the same to Amegy. Carol Ann Manley and David Peterson shall continue to pay any expenses relating to Mrs. Peterson and her estate as agents.

10. The Parties agree to submit the following fees and expenses relating to proceedings in probate court to Probate Court Number 1:

    a. Carol Ann Peterson and David Peterson's unpaid fees and expenses;

    b. Don, Lonny and Mack Peterson's legal fees and expenses (provided there shall no right to seek reimbursement relating to claims they have made against Silverado);

    c. Russ Jones and Jill Young's unpaid fees and expenses.

11. Any fees relating to the guardianship and approved by the Court shall be paid from Mrs. Peterson's Estate.

12. Mack Peterson and his wife, Don Peterson and his wife and Lonny Peterson shall remove and direct his attorneys to remove all social medial and other public postings relating to Mrs. Peterson, Carol Ann Manley, Steve Manley, David and Betty Peterson or relating to this case.

13. Don, Lonny and Mack Peterson shall release and dismiss with prejudice any claims against Carol Ann Manley and David Peterson, in all capacities.

14. Russ Jones, Jill Young, Carol Ann Manley and David Peterson agree to withdraw and/or not seek sanctions or costs from Mack Peterson and his wife, Don Peterson and his wife, Lonny Peterson and/or Phil Ross.

15. Russ Jones and Jill Young will request court permission to ratify this to Rule 11 Agreement.

Silverado Appx. 0619

No. 1-15-586-CV 3877

16. Counsel for Carol Ann Manley and David Peterson will circulate a final release agreement and a proposed final judgment at incorporates the forgoing terms.

**THE PARTIES AGREE THAT THIS AGREEMENT SHALL BE A BINDING NONREVOCABLE AGREEMENT UNDER THE TEXAS ESTATES CODE SECTION 1055.151 AND IS NOT SUBJECT TO REVOCATION BY THE PARTIES.**

Agreed:

_____
Don Peterson

_____
Lonny Peterson

_____
Mack Peterson

_____
Phil Ross, as counsel for Don, Lonny
and Mack Peterson

_____
Carol Ann Manley

_____
David Peterson

_____
Sarah Patel Pacheco, as counsel for Carol Ann Manley
and David Peterson

_____
Russ Jones, as Attorney Ad Litem

Silverado Appx. 0620

Jill Young, as Guardian Ad Litem

Silverado Appx. 0621

Silverado Appx. 0622

PROBATE COURT 1

NO. 427,208 - 401

| | | |
|---|---|---|
| IN RE: GUARDIANSHIP OF | § | IN THE PROBATE COURT |
| RUBY PETERSON, | § | NUMBER ONE (1) OF |
| AN INCAPACITATED PERSON | § | HARRIS COUNTY, TEXAS |

## ORDER GRANTING AUTHORITY
## FOR GUADIAN AD LITEM & ATTORNEY AD LITEM
## TO EXECUTE PETERSON RULE 11 AGREEMENT

On this day Jill W. Young and W. Russ Jones, in their respective capacities as Guardian Ad Litem and Attorney Ad Litem for Ruby S. Peterson, an Incapacitated Person, requested that the Court grant them permission to enter into the Peterson Rule 11 Agreement attached hereto as Exhibit A, and after considering the request and evidence submitted, the Court finds that the request should be granted. It is therefore,

ORDERED that Jill W. Young and W. Russ Jones, in their respective capacities as Guardian Ad Litem and Attorney Ad Litem for Ruby S. Peterson, an Incapacitated Person, are hereby authorized to execute the Peterson Rule 11 Agreement attached here to as Exhibit A.

SIGNED and ENTERED this 7th day of November, 2014.

JUDGE PRESIDING

070200/000004
130 - 1291372v1

| | | |
|---|---|---|
| IN RE: GUARDIANSHIP OF | § | IN THE PROBATE COURT |
| | § | |
| RUBY PETERSON, | § | NUMBER ONE (1) OF |
| | § | |
| AN INCAPACITATED PERSON | § | HARRIS COUNTY, TEXAS |

## FINAL JUDGMENT

On this day, came on to be heard the Fourth Amended Original Petition and Contest to Guardianship Application, filed by Donny Leslie Peterson and Mackey Glen Peterson, and the Answer, Contest to the Original Petition for Appointment of Temporary and Permanent Guardian of the Person and Estate of Ruby S. Peterson, for Declaratory Judgment, and for Alternative Relief, Temporary Restraining Order, Temporary Injunction and Permanent Injunction, and supplements thereto, filed by Carol Ann Manley and David Peterson, individually, and as Ruby Peterson's agent under a durable power of attorney. This Court, having reviewed the pleadings and been advised that the relief requested is not opposed by any party, makes the following findings by a preponderance of the evidence:

1. This Court has jurisdiction of this cause and retains jurisdiction over the finalization of the guardianship estate of Ruby S. Peterson, Deceased ("Mrs. Peterson");

2. This Court has venue under the provisions of Section 1023.001 of the Texas Estates Code as Mrs. Peterson's permanent residence was in Harris County, Texas;

3. Due notice of the pleading has been given as required by law;

4. Mrs. Peterson, prior to her death, was served with citation as required by law;

5. Mack Peterson, Don Peterson and Lonny Peterson appeared through their attorney of record, Philip Ross;

6. Carol Ann Manley and David Peterson appeared through their attorney of record, Sarah Patel Pacheco;



EXHIBIT
B

7. The guardianship estate of Mrs. Peterson appeared by and through her attorney ad litem, W. Russ Jones, an attorney licensed to practice law in the State of Texas;

8. Mrs. Peterson's father and mother are deceased;

9. Mrs. Peterson is widowed.

10. Mrs. Peterson has five living children: Mack Peterson, Don Peterson and Lonny Peterson Carol Ann Manley and David Peterson (collectively, the "Parties");

11. Mrs. Peterson has no permanent guardian of her person or estate;

12. Mrs. Peterson executed a Durable Power of Attorney, Appointment of the Durable Power of Attorney for Health Care, Directive to Physicians, Sale of Real Property, et al., on June 23, 1993 (collectively, "Power of Attorney"), appointing Carol Ann Manley and David Peterson as her agents;

13. Mrs. Peterson purported to revoke the Power of Attorney dated June 23, 1993 by instruments dated November 15, 2013;

14. The instruments entitled Revocation of Previous Power of Attorney signed by Mrs. Peterson dated November 15, 2013 are void and of no effect.

15. The Power of Attorney dated June 23, 1993 is valid and remains in effect;

16. The Power of Attorney dated June 23, 1993 provides a least restrictive alternative to the appointment of a guardian of Mrs. Peterson's person and estate;

17. The Peterson Family Trust No. 2 (the "Trust") was created under the Last Will and Testament of Troy Peterson, Deceased, dated June 24, 1994.

18. Carol Ann and David were appointed as initial co-trustees of the Trust. Since their appointment and through the Effective Date, Carol Ann and David have acted in accordance with the terms of the Trust and should be released from all liability to date.

19. On October 29, 2014, to resolve any disputes, the Parties entered into a binding non-revocable mediated settlement agreement, pursuant to Texas Estates Code Section 1055.151, at the conclusion of mediation (the "Agreement");

20. The Agreement, which is attached hereto as Exhibit A and incorporated by this reference as if fully set out verbatim, is valid, binding, non-revocable, and in the best interest of the guardianship estate of Ruby S. Peterson, and is hereby approved;

2

Silverado Appx. 0624

21. The Court has taken judicial notice of its file and the prior testimony in this proceeding.

22. The evidence developed the above findings and such findings were each fully proved and were so proved in support of this Final Judgment.

23. This Final Judgment should be entered pursuant to the terms of the Settlement Agreement, attached hereto as Exhibit A.

The Court further finds by clear and convincing evidence that:

1. The rights of Mrs. Peterson's property will be protected by these findings.

It is accordingly,

ORDERED, that the Revocation of Previous Powers of Attorney, allegedly executed by Mrs. Peterson on November 15, 2013, is invalid and shall be void and of no effect. It is further,

ORDERED, that the Statutory Durable Powers of Attorney, allegedly executed by Mrs. Peterson on November 15, 2013 appointing Mack Peterson and Don Peterson are invalid and shall be void ab initio and of no effect. It is further,

ORDERED, that Carol Ann Manley and David Peterson shall continue to serve as co-trustees of the Peterson Family Trust No. 2. It is further,

ORDERED, that Mack Peterson and his wife, Tonya Peterson, Don Peterson and his wife, Carol Peterson, Lonny Peterson, Philip Ross, and Candice Schwager shall remove all social media and other public postings relating to Mrs. Peterson, Carol Ann Manley, Steve Manley, David Peterson, Betty Peterson or otherwise relating to the above-referenced litigation within ten (10) calendar days of the Effective Date of this Final Judgment. It is further,

ORDERED, that Carol Ann Manley and David Peterson, by and through their attorney of record, Sarah Patel Pacheco, shall submit a separate fee application regarding their

3

Silverado Appx. 0625

unpaid attorneys' fees and expenses. It is further,

ORDERED, that Mack Peterson, Don Peterson, and Lonny Peterson, by and through their attorney of record, Philip Ross, shall submit a separate fee application regarding their unpaid attorneys' fees and expenses, provided that Mack Peterson, Lonny Peterson and Don Peterson shall have no right to seek reimbursement for attorneys' fees and expenses relating to their claims against Silverado Senior Living Center. It is further,

ORDERED, that W. Russ Jones, attorney ad litem, shall submit a separate fee application regarding his unpaid attorneys' fees and expenses, which shall be taxed as costs. It is further,

ORDERED, that Jill Young, guardian ad litem, shall submit a separate fee application regarding her unpaid attorneys' fees and expenses, which shall be taxed as costs. It is further,

ORDERED, that Carol Ann Manley and David Peterson are hereby released and discharged for all actions taken relating to their appointments as Mrs. Peterson's medical or financial agent under the Power of Attorney dated June 23, 1994 on or before the date of this Final Judgment. It is further,

ORDERED, that Carol Ann Manley and David Peterson are hereby released and discharged for all actions taken relating to their appointments as co-trustees of the Peterson Family Trust No. 2 on or before the date of this Final Judgment. It is further,

ORDERED, that all controversies and claims by Mack Peterson, Don Peterson and Lonny Peterson, including any and all claims and causes of action of any kind that were or could have been asserted by Mack Peterson, Don Peterson and Lonny Peterson in this proceeding that in any way related to Carol Ann Manley, in any capacity, David Peterson, in any capacity, Mrs. Peterson and/or the Peterson Family Trust No. 2, as described in this Final Judgment, are hereby

4

Silverado Appx. 0626

No. 1-15-586-CV 3884

discharged and released with prejudice, whether known or unknown. It is further,

ORDERED, that this Final Judgment fully and finally disposes of all Parties and issues before the Court and is final and appealable for all purposes and all relief not expressly granted herein is denied.

SIGNED on this _____ day of _____, 2015.

_____
JUDGE PRESIDING

5

Silverado Appx. 0627

APPROVED AS TO FORM:

CRAIN, CATON & JAMES, P.C.

BY: _[signature]_

SARAH PATEL PACHECO
(TBA #00788164)
spacheco@craincaton.com
KATHLEEN TANNER BEDUZE
(TBA #24052205)
kbeduze@craincaton.com
1401 McKinney, Suite 1700
Houston, Texas 77010-4035
(713) 658-2323
(713) 658-1921 (Facsimile)

*Attorneys for David Peterson and Carol Ann
Manley*

By: _____

PHILIP ROSS
(TBA #17304200)
ross_law@hotmail.com
1006 Holbrook Road
San Antonio, Texas 78218
(210) 326-2100

CANDICE SCHWAGER
(TBA #24005603)
schwagerlawfirm@live.com
1417 Ramada Drive
Houston, Texas 77062
(832) 315-8489
(713) 583-0355 (Facsimile)

*Attorneys for Mack Peterson, Lonny Peterson
and Don Peterson*

UNDERWOOD, JONES & SCHERRER,
PLLC

By: _[signature]_

W. RUSS JONES
(TBA #10968050)
rjones@ujsmlaw.com
5177 Richmond Avenue, Suite 505
Houston, Texas 77056
(713) 552-1144
(281) 768-8588 (Facsimile)

*Attorney Ad Litem for Ruby S. Peterson*

MACINTYRE, McCULLOCH, STANFIELD
& YOUNG, LLP

By: _[signature]_

JILL YOUNG
(TBA #00797670)
jill.young@mmlawtexas.com
2900 Weslayan Street, Suite 150
Houston, Texas 77027
(713) 572-2900
(713) 572-2902 (Facsimile)

*Guardian Ad Litem for Ruby S. Peterson*

6

Silverado Appx. 0628

No. 1-15-586-CV 3886

TAB 76

DV ⸱ ⸱ ⸱ ⸱

**DATA-ENTRY
PICK UP THIS DATE**

FILED
4/7/2015 12:18:11 PM
Stan Stanart
County Clerk
Harris County

**PROBATE COURT 1**

CAUSE NO. 427,208 - **401**

| | | |
|---|---|---|
| MACKEY ("MACK") GLEN PETERSON | § | IN PROBATE COURT NO. 1 |
| PETERSON; TONYA PETERSON | § | |
| Individually and as Next Friend of | § | |
| RUBY PETERSON; DON LESLIE PETERSON; | § | |
| CAROL PETERSON, Individually and as Next | § | |
| Friend of RUBY PETERSON; and LONNY | § | |
| PETERSON, | § | |
| | § | |
| VS. | § | |
| | § | |
| SILVERADO SENIOR LIVING, INC. | § | |
| d/b/a SILVERADO SENIOR LIVING – | § | |
| SUGAR LAND | § | HARRIS COUNTY, TEXAS |



## SILVERADO'S MOTION TO MODIFY ORDER
## GRANTING FIRST AMENDED PLEA TO THE JURISDICTION

Defendant, Silverado Senior Living, Inc. d/b/a Silverado Senior Living Sugar Land

(**Silverado**) files this Motion to Modify Order Granting First Amended Plea to the Jurisdiction.

## BACKGROUND

The Court will recall that on November 10, 2014, it granted Silverado's 91a dismissing

Plaintiffs' assault and battery, false imprisonment and conspiracy claims with prejudice.

Unfortunately, Plaintiffs had filed a Fourth Amended Petition on October 6, 2014 to drop some

parties and one claim which forced Silverado to file a partial withdrawal in order to proceed with the

pending 91a. The Fourth Amended Petition also appeared to add an individual breach of fiduciary

duty cause of action against Silverado although Plaintiffs refused to clarify their position. Instead,

Plaintiffs forced the second 91a to address the *final* remaining cause of action. Both the 91a and

Amended Plea to the Jurisdiction were set for the first available hearing date – January 8, 2015.

Once again, Plaintiffs filed a Fifth Amended Petition on December 4, 2014 which non-suited

co-defendants David Peterson and Carol Manley and joined Plaintiffs' spouses Carol and Tonya

4849-4764-0354.1

Peterson individually and as next friends of Ruby Peterson.[1] What was not immediately apparent was that Don Peterson, Mack Peterson and Lonny Peterson improperly attempted to revive and assert the following causes of action against Silverado in their individual capacities despite the fact that that these causes were dismissed on November 10, 2014: 1) false imprisonment and 2) conspiracy.[2] Additionally, Carol Peterson and Tonya Peterson attempted to assert the following causes of action as next friends of Ruby Peterson in the Fifth Amended Petition: 1) false imprisonment; 2) assault and battery; 3) breach of trust and 4) breach of fiduciary duty; and conspiracy.[3] With the exception of assault and battery, Carol Peterson and Tonya Peterson additionally assert each of those claims *individually* against Silverado.[4] As a result, the Fifth Amended Petition created additional live claims for Carol Peterson and Tonya Peterson that were not addressed in either pending motion: false imprisonment and conspiracy.

On Thursday, January 8, 2015, the Court held a hearing on the First Amended Plea to the Jurisdiction as well as Silverado's 91a Motion to Dismiss Plaintiffs' Sole Remaining Claim Breach of Trust and/or Breach of Fiduciary Duty as supplemented. The Court asked for clarification during the hearing on the effect of granting the pending motions. It was explained that granting both the pending Rule 91a and the Plea to the Jurisdiction would not dismiss all claims in light of the new individual claims asserted by Plaintiffs Carol Peterson and Tonya Peterson. Counsel then asked for direction from the Court regarding the best procedural method to put an end to the abusive pleading

---

[1] On file with the Court and incorporated by reference as if set out fully herein.

[2] *See* November 10, 2014 Order dismissing claims on file with the Court and incorporated by reference as if set out fully herein. *See also*, Plaintiffs' Fifth Amended Petition.

[3] *See* Plaintiffs' Fifth Amended Petition; *see also* Order Granting Silverado's First Amended Plea to the Jurisdiction on file with the Court and incorporated by reference as if set out fully herein.

[4] *Id. Compare with* Order Granting Silverado's 91a Motion to Dismiss Plaintiffs' Breach of Trust and/or Breach of Fiduciary Duty (Tonya and Carol Peterson's sole surviving individual claims are false imprisonment and conspiracy).

4849-4764-0354.1

tactics employed by Plaintiffs since a trial setting had not been issued and scheduling order was not in place.

On January 9, 2015, the Court signed Orders granting Silverado's motions. Unfortunately, the Order submitted with the Plea to the Jurisdiction was overbroad in its language and erroneously stated the Motion would terminate all claims. The overbreadth of the proposed Order was inadvertent and was not submitted with conscience indifference. The language became incorrect when Plaintiffs filed their Fifth Amended Petition adding new claims. In order to clarify the Order, Silverado would request this Court modify its prior order recognizing the pendency of Carol Peterson and Tonya Peterson's false imprisonment and conspiracy claims as discussed at the hearing.

## MOTION TO MODIFY

Silverado's Plea to the Jurisdiction was at all times limited to subject matter jurisdiction and Plaintiffs' lack of authority and/or standing to bring claims on behalf of Ruby Peterson.[5] The Court properly granted the Plea to the Jurisdiction as supplemented; however, the second paragraph of the Order purports to dismiss the entire cause of action as to Silverado with prejudice which became impossible once Plaintiff's filed their Fifth Amended Petition due to Plaintiffs' artful pleading and the remaining individual claims of: false imprisonment and conspiracy as addressed in detail above. As such, Silverado moves to modify the second paragraph of the Order to state as follows:

It is HEREBY ORDERED, ADJUDGED and DECREED that PLAINTIFFS Carol Peterson and Tonya Peterson do not have standing to bring claims on behalf of RUBY PETERSON as next friends or otherwise. The sole persons with standing to

---

[5] See First Supplement to its First Amended Plea to the Jurisdiction and First Amended Answer on file with the Court and incorporated by reference as if set out herein.

4849-4764-0354.1

bring claims on behalf of RUBY PETERSON are David Peterson, Carol Manley and/or her Court appointed ad litems.

Silverado does not file this Motion to cause undue delay, but so that justice may be done.

## PRAYER

Silverado Senior Living, Inc. d/b/a Silverado Senior Living Sugar Land prays the Court grant its Motion to Modify its Order Granting First Amended Plea to the Jurisdiction.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

*/s/ Josh K. Davis*

JOSH K. DAVIS
State Bar No. 24031993
CHRISTIAN R. JOHNSON
State Bar No. 24062345
Weslayan Tower, Suite 1400
24 Greenway Plaza
Houston, Texas 77046
(713) 659-6767 Telephone
(713) 759-6830 Facsimile

**ATTORNEYS FOR DEFENDANTS,
SILVERADO SENIOR LIVING, INC. D/B/A
SILVERADO SENIOR LIVING SUGAR LAND**

4849-4764-0354.1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon all counsel of record via e-file, facsimile, hand delivery and/or certified mail, return receipt requested on this 6th day of April, 2015.

Philip M. Ross
1006 Holbrook Road
San Antonio, Texas 78218
*Attorney for Plaintiffs*

Candice L Schwager
The Schwager Law Firm
1417 Ramada Dr.
Houston, Texas 77062
*Attorney for Plaintiffs*

Sarah Patel Pacheco
Crain, Caton & James, PC
1401 McKinney Street
1700 Five Houston Center
Houston, Texas 77010
*Attorneys for Carol Manley and David Peterson*

Jill W. Young
MacIntyre, McCulloch, Stanfield & Young, LLP
2900 Weslayan, Suite 150
Houston, Texas 77027

W. Russ Jones
Underwood, Jones Scherrer & Malouf, PLLC
5177 Richmond Ave, Suite 505
Houston, Texas 77056

*s/ Josh K. Davis*

_____
JOSH K. DAVIS

4849-4764-0354.1

Silverado Appx. 0633

No. 1-15-567-CV **2132**